UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN MOREAU,

    Plaintiff,

v.                                              Case No. 8:22-cv-1295-TPB-CPT

FELD ENTERTAINMENT, INC.,
FELD MOTOR SPORTS, INC.,
THE MEDIC RIG, LLC,
JOHN A. BODNAR, M.D.,
JAMES KENNEDYE, M.D.,
AMY METIVA, and JOHN DOE,

    Defendants.
_____/

**<u>ORDER DENYING "DEFENDANT, JOHN A. BODNAR, M.D.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL, MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW"</u>**

This matter is before the Court upon "Defendant, John A. Bodnar, M.D.'s, Motion to Dismiss Plaintiff's Amended Complaint and Demand for Jury Trial, Motion to Strike and Incorporated Memorandum of Law," filed by counsel on August 10, 2022. (Doc. 49). On September 9, 2022, Plaintiff Brian Moreau filed a response in opposition. (Doc. 76). After reviewing the motion, response, court file, and record, the Court finds as follows:

**<u>Background</u>**

Plaintiff Brian Moreau, then 18 years old, was a former professional motocross rider. In 2019, he moved to the United States to join the Troy Lee Designs Red Bull KTM Racing Team to compete in the 250SX Class of the Supercross Championship. The first race of the 2020 Supercross Championship Series was held at Raymond

James Stadium in Tampa, Florida, on February 15, 2020. Prior to the race, riders were permitted to participate in a "free practice" session on the racetrack. During his first lap around the track, Plaintiff crashed and fell from his motorcycle headfirst onto the middle of the racetrack. A flagger stationed nearby began waving a yellow flag to caution oncoming riders, but no one made any effort to "red flag" or stop the practice session.

Shortly after the crash, two members of the Alpinestars Mobile Medical Unit (believed to be Defendants Amy Metiva and John Doe) arrived on the scene to attend to Plaintiff. Plaintiff immediately and repeatedly informed the crewmembers that he was injured and experiencing unusual sensations, including having difficulty feeling his legs. No one attempted to attempt to stabilize or immobilize Plaintiff's spine, place a cervical collar on him, or ensure that his helmet was properly and carefully removed. Instead, the two crewmembers roughly lifted Plaintiff up by grabbing his arms and carried him off the racetrack. The crewmembers proceeded to carry Plaintiff over to the side of the racetrack and toward a medical mule by lifting his legs. Around that time, a third crewmember – Dr. Kennedye – arrived to help place Plaintiff on the medical mule and remove his helmet. Plaintiff was driven to an onsite ambulance where paramedics with Tampa Fire Rescue recognized the serious nature of Plaintiff's reported injuries and placed a cervical collar and rigid body split on him before taking him to Tampa General Hospital. Plaintiff sustained catastrophic permanent injuries and has been rendered a paraplegic.

On June 4, 2022, Plaintiff filed the instant lawsuit, asserting negligence claims against several defendants including the organizers and promoters of the Supercross

event and various medical professionals involved in the incident. Defendant has moved to dismiss the amended complaint.[1]

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id*. at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 41 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

---

[1] It does not appear that Defendant John Doe has been identified or served at this juncture.

## Analysis

### *Punitive Damages*

Defendant moves to dismiss Plaintiff's request for punitive damages, arguing that he has failed to establish a factual basis to support such damages. Plaintiff generally alleges facts to show that Defendant failed to act in accordance with standard protocols for the type of acute trauma that Plaintiff reported. As such, Plaintiff's allegations are sufficient to sustain his punitive damages demand at this stage of the proceedings. *See, e.g., Hindsman v. Carnival Corp.*, No. 19-23536-CIV-ALTONAGA/Goodman, 2020 WL 13369050, at *1-2 (S.D. Fla. Aug. 6, 2020). The motion to dismiss is denied as to this ground.

### *Failure to State a Claim*

Defendant argues that the amended complaint fails to sufficiently allege proximate cause pertaining to the alleged failure to "red flag" or stop the practice session.[2] Plaintiff alleges that the failure to red flag the session would likely subject Plaintiff to heightened risk of serious injury, such as inadequate, substandard, haphazard, reckless, and grossly negligent on-track assistance from the medical responders. He further alleges that he received substandard care, including when medical responders dragged him off the track "like a ragdoll," and as a result, he was catastrophically injured. These allegations are sufficient to state a cause of action. The motion to dismiss is denied as to this ground.

---

[2] The Court notes that the failure to red flag the practice session was one of several breaches of duty identified by Plaintiff. Defendant does not appear to challenge Plaintiff's other theories of negligence.

*Shotgun Pleading*

The Court *sua sponte* considers whether the amended complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendant therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). A district court must generally permit a plaintiff at least one opportunity to amend a shotgun complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

In Count III, Plaintiff appears to improperly mix several different causes of action and/or claims for relief, including direct negligence and vicarious liability. This

improper mixing of claims by Plaintiff makes it difficult for Defendant to respond accordingly and present defenses, and for the Court to appropriately adjudicate this case. *See, e.g., Sexton v. Carnival Corp.*, No. 18-20629-CIV-MORENO, 2018 WL 3405246, at *2 (S.D. Fla. July 12, 2018) ("Commingling direct and vicarious liability is an improper pleading practice.") (citing *Wohlford v. Carnival Corp.*, No. 17-20703-CIV, 2017 WL 7731225, at *3 (S.D. Fla. May 11, 2017)). As such, Count III is subject to dismissal.

*Strike Immaterial/Impertinent Allegations*

Defendant seeks to strike the phrase "or the Alpinestars crewmembers attending to him" from paragraph 76 of the amended complaint. His request is denied. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, John A. Bodnar, M.D.'s, Motion to Dismiss Plaintiff's Amended Complaint and Demand for Jury Trial, Motion to Strike and Incorporated Memorandum of Law" (Doc. 49) is **DENIED**.

2. The amended complaint (Doc. 45) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. Plaintiff is directed to file a second amended complaint on or before March 13, 2023. Failure to file an amended complaint as directed will result in this

Order becoming a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of February, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**