UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BRIAN MOREAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FELD ENTERTAINMENT, | ) |
| INC., FELD MOTOR SPORTS, | ) Case No. 8:22-cv-1295-TPB-CPT |
| INC., THE MEDIC RIG, LLC | ) |
| JOHN A. BODNAR, M.D., | ) |
| JAMES KENNEDYE, M.D., | ) |
| AMY METIVA, and | ) |
| SCOTT COMBS, | ) |
| | ) |
| Defendants. | ) |

**TIME-SENSITIVE MOTION
TO PARTIALLY SEAL PORTIONS OF DOCUMENTS THROUGH THE USE
OF REDACTIONS UNDER LOCAL RULE 1.11(D)
AND TO PERMANENTLY SEAL PORTIONS OF THE SAME DOCUMENTS
AND EXHIBIT I TO PLAINTIFF'S MOTION FOR LEAVE UNDER LOCAL
RULE 1.11(C)**

Defendants Feld Entertainment, Inc. ("FEI") and Feld Motor Sports, Inc. ("FMS") (jointly with FEI, "Feld"), by and through their undersigned counsel, and pursuant to Local Rules 1.11(c) and 1.11(d), respectfully move this Court as follows:

(a)    To **temporarily seal** limited portions of Plaintiff Brian Moreau's ("Plaintiff") Motion for Leave to Amend His Complaint ("Motion for Leave to Amend"), [ECF No. 167], Exhibit A, [ECF No. 167-1], and Exhibit B, [ECF No. 167-2], through the use of redactions in order to maintain the confidentiality of the contents of two separate confidential,

      commercially sensitive agreements, from which Plaintiff extensively quotes. The first agreement is the Second Amended Restated Supercross Sanctioning Agreement Dated July 1, 2019 (the "Sanctioning Agreement") between FMS and American Motorcycle Association d/b/a American Motorcyclist Association (the "AMA"). The second agreement is the Master Services Agreement ("MSA") between FMS and The Medic Rig ("MedRig"). Both of these documents are designated as "Confidential" under the protective order. And portions of the Sanctioning Agreement were also redacted. **This request is time sensitive as the materials which Feld seeks to temporarily seal are currently visible on the public docket when a placeholder should have been used. Feld requests a ruling on this time-sensitive temporary sealing motion by February 28, 2024, or as soon as practical**.

(b)    To permanently seal the same limited portions of Plaintiff Brian Moreau's ("Plaintiff") Motion for Leave to Amend His Complaint ("Motion for Leave to Amend"), [ECF No. 167], Exhibit A, [ECF No. 167-1], and Exhibit B, [ECF No. 167-2], through the use of redactions in order to maintain the confidentiality of the contents of the Sanctioning Agreement and the MSA, which Plaintiff extensively quotes from, as both agreements are confidential and commercially sensitive. Feld's request for permanent sealing is not time sensitive.

    (c)    To permanently seal the entirety of Exhibit I, [ECF No. 167-9], in order to maintain the confidentiality of the contents of the Sanctioning Agreement as this agreement is confidential and commercially sensitive. Feld's request for permanent sealing is also not time sensitive.

<u>**REQUEST FOR TEMPORARY SEALING**</u>

**I.   Identification of Limited Portions of Documents to Be Partially Sealed through the Use of Redactions Temporarily**

Feld seeks to have this Court partially seal limited portions of Plaintiff's Motion for Leave to Amend and two Exhibits attached thereto to redact Plaintiff's quotations from the Sanctioning Agreement and the MSA as follows:

a. <u>Plaintiff's Motion for Leave to Amend</u>. On page 7 & 10, Plaintiff quotes from Section 4(a) of the Sanctioning Agreement. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 6 lines in a 22-page document.

b. <u>Exhibit A to Plaintiff's Motion for Leave to Amend</u> is a redlined version of Plaintiff's proposed Amended Complaint. In paragraphs 11-13, Plaintiff is quoting from Section II, E of the Sanctioning Agreement and in paragraphs 19-20, Plaintiff is quoting from Sections 1.1, 2(a), 3, 5 and 5.2 of the MSA. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 47 lines (or 2 ½ pages) in a 53-page document.

    c. <u>Exhibit B to Plaintiff's Motion for Leave to Amend</u> is a clean version of Plaintiff's proposed Amended Complaint. In paragraphs 11-13, Plaintiff is quoting from Section II, E of the Sanctioning Agreement and in paragraphs 19-20, Plaintiff is quoting from Sections 1.1, 2(a), 3, 5 and 5.2 of the MSA. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 47 lines (or 2 ½ pages) in a 53-page document.

**II.    Identification of Document to Be Completed Sealed Permanently**

Feld seeks to have this Court completely seal Exhibit I to Plaintiff's Motion for Leave to Amend with a placeholder as Exhibit I is the Sanctioning Agreement, which Plaintiff intends to file in its entirety.

**III.   Reason for Temporary, Partial Sealing of Limited Portions of Documents through the Use of Redactions**

Local Rule 1.11(d) provides that a party, when handling another's confidential information, seeks to file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder only identifying the item and must notify the other person within seven days after filing the placeholder. The purpose of such a Rule is to protect confidential information from becoming part of the public record **before** the owner of the confidential information has an opportunity to object.

Minimally, Plaintiff was aware that both the Sanctioning Agreement and the MSA are confidential documents because **on their face**, both the Sanctioning Agreement and the MSA **contain a confidentiality agreement**. And that is the reason that Plaintiff did not file the Sanctioning Agreement but instead used a placeholder for Exhibit I to his Motion for Leave to Amend.

Despite this, Plaintiff decided to quote from both agreements as described above. Plaintiff's initial position is that Feld did not designate these documents as "Confidential" under the protective order at the time the documents were transmitted to him. But Plaintiff does not stop here. Instead, he argues that he can unilaterally decide to override Feld's confidentiality designations because in his view, the quoted material did not "plausibly qualify for sealing."

The day after Plaintiff filed his Motion for Leave to Amend, Plaintiff's counsel became aware through conversations with Feld's counsel that Feld had designated both the Sanctioning Agreement and MSA as "Confidential." Specifically, it became apparent there was a technical error when Feld transmitted the production of documents. As detailed in the Declaration of Mason N. Apostol, which is attached hereto and incorporated herein by reference as **Exhibit A**, there were six sets of documents that Feld produced in a January 19, 2024 transmittal. Only the FMS production within that transmittal had a technical error. The FMS production was produced without Bates numbers and without any Confidentiality designations. All of the five other sets of documents produced by Feld on the same date had Bates numbers

and had Confidentiality designations. A reasonable party would immediately recognize the oversight given the entirety of the January 19, 2024 production transmittal.

Regardless, by February 23, 2024, Plaintiff knew that Feld considered both the Sanctioning Agreement and MSA as "Confidential" because Feld reproduced their January 19, 2024 FMS production with Bates labels, "Confidentiality" designations, and redactions. And although Feld attempted to secure Plaintiff's agreement to a joint motion to remove the quotations to confidential documents from the public record through the use of redactions on a temporary basis while the parties litigated the merits of sealing pursuant to the process proscribed under Local Rule 1.11(d), Plaintiff was unwilling to do so.[1] At this point, there is more than a plausible basis for partial sealing under Rule 1.11(d) because the redactions being proposed by Feld do not remove the Motion for Leave or Exhibits A and B to the Motion entirely from the public record, but instead protect from disclosure only the quoted Sections of the Sanctioning Agreement and the MSA that Feld has designated as "Confidential" under the protective order. And with respect to certain Sections in the Sanctioning Agreement cited by Plaintiff in their Motion for Leave (§§ II(H)(24), II(J)(4)) these Sections were redacted such that Plaintiff should not have had access to them in the first instance. And had the technical error in the production not occurred, it seems likely that

---

[1] Plaintiff did agree to call the Clerk of the Court to determine if the Clerk would agree to remove the filing temporarily as a professional courtesy only.

Plaintiff's counsel would not have extensively quoted from the Sanctioning Agreement and MSA, which would have compromised his obligations under the protective order.

### IV.  Partial Sealing through the Use of Redactions is Available and Appropriate

What Feld is proposing is not complete sealing but rather a partial sealing through the use of a redactions of only those portions of the Sanctioning Agreement and MSA that Plaintiff has quoted from.

### V.  Proposed Duration of the Temporary Sealing

Feld requests that the Court temporarily seal the portions identified in Section 1 above until the Court makes a final decision on whether permanent, partial sealing of these quoted passages is appropriate through the use of redactions.

### VI.  Name, Mailing Address, Email Address, and Telephone Number of the Person Authorized to Retrieve a Sealed, Tangible Item

Given that Feld is requesting the temporarily sealing of portions of currently filed documents through the use of redactions and is not seeking to place an entire document under seal, there is nothing that needs to be retrieved in terms of sealed, tangible items in connection with the temporary request.

### VII.  Memorandum of Law in Support of Temporary Sealing

Local Rule 1.11(d) provides that a party, when handling another's confidential information, seeks to file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file, instead of the item, a placeholder only identifying the item and

must notify the other person within seven days after filing the placeholder. *See* L.R. 1.11(d). The purpose of this Rule is to protect confidential information from becoming part of the public record before the owner of the confidential information has an opportunity to object.

Aside from Local Rule 1.11(d), the parties agreed to certain procedures in connection with the use of documents in this litigation that have been designated as "Confidential." [*See* ECF No. 118]. In Plaintiff's Renewed Unopposed Motion for Entry of Stipulated Protective Order, Plaintiff acknowledged that discovery in this action may yield documents and information of a sensitive and confidential nature, including "business, commercial, financial and trade secret information." [ECF No. 118 at 2]. The protective order also contemplated the use of interim sealing motions to protect the confidentiality of the information even in the situation where the non-owner of the confidential information does not believe that the information has been properly classified as confidential. [ECF No. 118 at 6].

Feld was deprived of its opportunity to protect the confidentiality of both the Sanctioning Agreement and the MSA in advance of public filing because Plaintiff unilaterally decided that none of the provisions that he cited were confidential, worthy of sealing and Feld could not justify a compelling interest. And while now there is no question that both the Sanctioning Agreement and MSA have been designated as Confidential, Plaintiff has taken no steps to remedy the situation even though at this point in time, the contents of "Confidential" documents are on the public record.

Given the protections contained in both Local Rule 1.11(d) and the protective order, Feld should be permitted to have these quotations removed from the public record until a final ruling from the Court on permanent sealing.

<b><u>REQUEST FOR PERMANENT SEALING</u></b>

VIII. **Identification of Limited Portions of Documents to Be Partially Sealed through the Use of Redactions Permanently**

Feld seeks to have this Court partially seal limited portions Plaintiff's Motion for Leave to Amend and two Exhibits attached thereto to redact Plaintiff's quotations from the Sanctioning Agreement and the MSA permanently.

a. <u>Plaintiff's Motion for Leave to Amend</u>. On page 7 & 10, Plaintiff quotes from Section 4(a) of the Sanctioning Agreement. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 6 lines in a 22-page document.

b. <u>Exhibit A to Plaintiff's Motion for Leave to Amend</u> is a redlined version of Plaintiff's proposed Amended Complaint. In paragraphs 11-13, Plaintiff is quoting from Section II, E of the Sanctioning Agreement and in paragraphs 19-20, Plaintiff is quoting from Sections 1.1, 2(a), 3, 5 and 5.2 of the MSA. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 47 lines (or 2 ½ pages) in a 53-page document.

c. <u>Exhibit B to Plaintiff's Motion for Leave to Amend</u> is a clean version of Plaintiff's proposed Amended Complaint. In paragraphs 11-13, Plaintiff is

quoting from Section II, E of the Sanctioning Agreement and in paragraphs 19-20, Plaintiff is quoting from Sections 1.1, 2(a), 3, 5 and 5.2 of the MSA. Feld is requesting that these quotes be refiled in a redacted form. The redactions that Feld is requesting comprise 47 lines (or 2 ½ pages) in a 53-page document.

### IX. Partial Sealing through the Use of Redactions is Available and Appropriate

What Feld is proposing with respect to the documents identified in Section VIII above is not complete sealing but rather a partial sealing through the use of a redactions of only those portions of the Sanctioning Agreement and MSA that Plaintiff has quoted from.

### X. Identification of Document to Be Completed Sealed Permanently

Feld seeks to have this Court completely seal Exhibit I to Plaintiff's Motion for Leave to Amend with a placeholder as Exhibit I is the Sanctioning Agreement, which Plaintiff intends to file in its entirety.

### XI. Means Other Than Filling Under Seal is Not Available

With respect to Exhibit I, identified in Section X above, partial sealing through the use of redactions does not offer sufficient protection to Feld. The terms of the Sanctioning Agreement are confidential and commercially sensitive. And while heavy redactions could be applied to the Sanctioning Agreement, it will ultimately result in the entire document being practically unreadable. Complete sealing is the more appropriate remedy.

XII. **Proposed Duration of a Permanent Seal**

Feld requests that the Court seal the requested documents described above in Sections VIII and IX for the duration of this lawsuit and ninety days after the case is closed and all appeals exhausted. *See* L.R. 1.11(f).

XIII. **Name, Mailing Address, Email Address, and Telephone Number of the Person Authorized to Retrieve a Sealed, Tangible Item**

Feld designates the following individual to retrieve sealed tangible items, which is Exhibit I to the Motion for Leave to Amend:

Joshua S.M. Smith
Buchanan Ingersoll & Rooney, P.C.
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Email: joshua.smith@bipc.com

XIV. **Memorandum of Law in Support of Permanent Sealing**

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

The right to inspect is not absolute. If good cause is shown, the court must balance the interest in the public's ability to obtain access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate private interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access. *See Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 10-cv-891, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

Based on this balancing test, there is good cause to require the redaction of quotations from the Sanctioning Agreement and the MSA. By redacting the portions that Plaintiff is citing directly from, two confidential agreements, the public still has access to Plaintiff's proposed redlined and clean amended complaint and Plaintiff's motion for leave, where the redactions are *de minimis*. The redactions being requested by Feld are not onerous, result in minimal partial sealing, and still allow the public complete access.

Both the MSA and Sanctioning Agreement are private, commercially sensitive agreements. Accordingly, both were designated as "Confidential" under the protective order by FMS [ECF No. 118-1]. Additionally, both agreements contain confidentiality agreements requiring the contents to remain confidential, which standing alone supports sealing. *See MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012) (permitting parties to file product licensing agreement under seal when the terms of the agreement expressly provided that it was to remain confidential). Allowing public access to the quoted portions or the Sanctioning Agreement and MSA between FMS and AMA does not serve any public interest. Plaintiff's claims are negligence-based, and nothing in either agreement bears on whether any of the alleged Defendant's engaged in "reckless medical treatment" as Plaintiff contends [ECF No. 167 at 6 ("Plaintiff's primary theories of liability" are "that he was subjected to reckless medical treatment")]. *See Odyssey Mfg. Co. v. Olin Corp.*, No. 8:23-cv-940, 2023 WL 3976131, at *2 (M.D. Fla. June 13, 2023) (Barber,J.) (information irrelevant to the parties' dispute could remain redacted when filed)*; In re Zantac (Ranitidine) Products Liab. Litig.*, No. 20-MD-2924, 2022 WL 17482258, at *1 n.1 (S.D. Fla. Dec. 6, 2022) (keeping documents under seal because the information was not relevant to the resolution of motion and the redactions were limited).

The Sanctioning Agreement, which is 32 pages long and has 4 Exhibits, contains commercially sensitive information such as the respective parties' rights and obligations with respect to promotions and sponsorships, compensation and payouts

13

and insurance and indemnity obligations. Good cause exists to seal when the document at issue contains highly confidential and proprietary information that the parties normally keep secret from the public, and in this instance, agreed contractually to do so. *See Mobile Shelter Sys, USA, Inc. v. Grate Pallet Solutions, LLC*, No. 10-cv-978, 2011 SWL 5357843, at *3 (M.D. Fla. Nov. 1, 2011); *see also Romero*, 480 F.3d at 1246 ("A party's privacy or proprietary interest in information sometimes overcomes the interest of the public accessing the information."). The Sanctioning Agreement is kept confidential and not disclosed to the public at large, let alone competitors which could use the information to unfairly compete against FMS. There is a substantial interest in ensuring that nonpublic information relating to the commercial terms under which FMS and AMA are doing business remain confidential and not become public at a later date. Sealing of such documents under similar circumstances has occurred in this Court. *See, e.g., DeCurtis LLC v. Carnival Corp.*, No. 20-cv-607, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020) (sealing a Master Services Agreement that included project parameters and information relating to how party structured its agreements with vendors to protect the confidential nature of the agreement); *StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.*, No. 13-cv-2240, 2015 WL 1351153, at *2 (M.D. Fla. Mar. 25, 2015) (sealing documents where the "[d]isclosure of the documents could put the parties at a competitive disadvantage or otherwise invade the parties legitimate privacy interests."). The harm to FMS if the Sanctioning Agreement is made public greatly outweighs the public interest in seeing the contents of a confidential,

commercial agreement that does not form the basis of Plaintiff's legal theories against either FMS or the AMA. *See Pinnacle Towers, LLC v. Airpowered, LLC*, No. 15-cv-81, 2015 WL 5897524, at *2 (M.D. Fla. Oct. 7, 2015) (finding interest in maintaining confidentiality of terms and conditions of confidential license agreements outweighed public's interest in accessing documents). Any duty owed to Plaintiff does not spring from the contents of either the MSA or the Sanctioning Agreement.

Plaintiff recognized that the Sanctioning Agreement contains commercially sensitive information as he properly filed a placeholder for Exhibit I to his Motion for Leave to Amend. Further, in the lawsuit that Plaintiff filed against the AMA, Plaintiff did not seek to file the Sanctioning Agreement, and also did not quote, as Plaintiff has done here, from the Sanctioning Agreement. *See generally*, *Moreau v. American Motorcycle Association d/b/a American Motorcyclist Association*, No. 8:24-cv-426 (M.D. Fla) at ECF No. 1.

None of the information that is quoted in Plaintiff's Motion for Leave, his redlined or clean proposed Amended Complaint, or the Sanctioning Agreement itself concerns public officials or an agreement of any public interest. *See, e.g., Malibu Medical, LLC v. Weaver*, No. 8:14-cv-1580, 2016 WL 503071, at *1 (M.D. Fla. Feb. 9, 2016) (granting sealing because the case did not involve governmental officials and the document to be sealed contained the party's business information). There is no compelling interest for the public to be permitted access to the entire content of the

15

Sanctioning Agreement, or to be permitted to see selected quotations of passages from this Sanctioning Agreement.

### XV. Conclusion

Feld respectfully request that the Court order partial and complete sealing on both a temporary and permanent basis as follows:

(d) To **temporarily seal** limited portions of Plaintiff Brian Moreau's ("Plaintiff") Motion for Leave to Amend His Complaint ("Motion for Leave to Amend"), [ECF No. 167], Exhibit A, [ECF No. 167-1], and Exhibit B, [ECF No. 167-2], through the use of redactions to maintain the confidentiality of the contents of two separate confidential, commercially sensitive agreements, which Plaintiff extensively quotes from. The first agreement is the Second Amended Restated Supercross Sanctioning Agreement Dated July 1, 2019 (the "Sanctioning Agreement") between FMS and American Motorcycle Association d/b/a American Motorcyclist Association (the "AMA"). The second agreement is the Master Services Agreement ("MSA") between FMS and The Medic Rig ("MedRig"). Both of these documents are designated as "Confidential" under the protective order. And portions of the Sanctioning Agreement were also redacted. **This request is time sensitive as the materials which Feld seeks to temporarily seal are currently visible on the public docket when a placeholder should have**

**been used. Feld requests a ruling on this time-sensitive temporary sealing motion by February 28, 2024, or as soon as practical**.

(e) To permanently seal the same limited portions of Plaintiff Brian Moreau's ("Plaintiff") Motion for Leave to Amend His Complaint ("Motion for Leave to Amend"), [ECF No. 167], Exhibit A, [ECF No. 167-1], and Exhibit B, [ECF No. 167-2], through the use of redactions in order to maintain the confidentiality of the contents of the Sanctioning Agreement and the MSA, which Plaintiff extensively quotes from, as both agreements are confidential and commercially sensitive. Feld's request for permanent sealing is not time sensitive.

(f) To permanently seal the entirety of Exhibit I, [ECF No. 167-9], in order to maintain the confidentiality of the contents of the Sanctioning Agreement as this agreement is confidential and commercially sensitive. Feld's request for permanent sealing is also not time sensitive.

## LOCAL RULE 3.01 CERTIFICATION

Counsel for Feld has conferred with counsel for all Parties. Defendants The Medic Rig, LLC, John A. Bodnar, M.D., James Kennedye, M.D., Amy Metiva, and Scott Combs (altogether, "Defendants"), do not oppose the relief requested herein. Plaintiff Brian Moreau opposes the relief requested herein.

*[Signature page follows]*

Dated: February 27, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

*By Counsel,*

*/s/ Caroline B. Warren*
Caroline B. Warren (admitted *pro hac vice*)
227 West Trade Street, Suite 600
Charlotte, NC 28202
Tel:   (704) 444-3371
Fax:   (704) 444-3490
Email: caroline.warren@bipc.com

Joshua S.M. Smith
Florida Bar No. 955981
401 E. Jackson Street, Suite 2400
Tampa, FL  33602
Tel: (813) 228-8180
Fax: (813) 228-8189
Email: joshua.smith@bipc.com

David Gordon (admitted *pro hac vice*)
Joshua T. Calo (admitted *pro hac vice*)
700 Alexander Park Suite 300
Princeton, NJ 08540
Tel: (609) 987-5767
Fax: (609) 520-0360
Email: david.gordon@bipc.com
         joshua.calo@bipc.com

Gretchen Jankowski (admitted *pro hac vice*)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel.: (412) 562-1417
Fax: (412) 562-1041

Email: gretchen.jankowski@bipc.com

Michael W. Bootier (admitted *pro hac vice*)
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (215) 665-3833
Fax: (215) 665-8760
Email: michael.bootier@bipc.com

*Counsel for Defendants Feld Motor Sports, Inc. and Feld Entertainment, Inc.*

.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which has served a copy upon any counsel of record for any party who is authorized to receive this Court's notice of electronic filing.

*/s/ Caroline B. Warren*
Caroline B. Warren
