UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN MOREAU,

    Plaintiff,

v.                                          Case No. 8:22-cv-1295-TPB-CPT

FELD ENTERTAINMENT, INC.,
FELD MOTOR SPORTS, INC.,
THE MEDIC RIG, LLC,
JOHN A. BODNAR, M.D.,
JAMES KENNEDYE, M.D.,
AMY METIVA, and JOHN DOE,

    Defendants.
_____/

**ORDER DENYING "DEFENDANT AMERICAN
MOTORCYCLIST ASSOCIATION'S MOTION TO DISMISS
PLAINTIFF'S THIRD AMENDED COMPLAINT"**

This matter is before the Court upon "Defendant American Motorcyclist Association's Motion to Dismiss Plaintiff's Third Amended Complaint," filed by counsel on May 21, 2024. (Doc. 203). On June 11, 2024, Plaintiff Brian Moreau filed a response in opposition. (Doc. 208). After reviewing the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Brian Moreau, then 18 years old, was a professional motocross rider. In 2019, he moved to the United States to join the Troy Lee Designs Red Bull KTM Racing Team to compete in the 250SX Class of the Supercross Championship. The first race of the 2020 Supercross Championship Series was held at Raymond James

Stadium in Tampa, Florida, on February 15, 2020. Prior to the race, riders were permitted to participate in a "free practice" session on the racetrack. During his first lap around the track, Plaintiff crashed and fell from his motorcycle headfirst onto the middle of the racetrack. A flagger stationed nearby began waving a yellow flag to caution oncoming riders, but no one made any effort to "red flag" or stop the practice session.

Shortly after the crash, two members of the Alpinestars Mobile Medical Unit (believed to be Defendants Amy Metiva and Scott Combs) arrived on the scene to attend to Plaintiff. Plaintiff immediately and repeatedly informed the crewmembers that he was injured and experiencing unusual sensations, including having difficulty feeling his legs. No one attempted to attempt to stabilize or immobilize Plaintiff's spine, place a cervical collar on him, or ensure that his helmet was properly and carefully removed. Instead, the two crewmembers roughly lifted Plaintiff up by grabbing his arms and carried him off the racetrack. The crewmembers proceeded to carry Plaintiff over to the side of the racetrack and toward a medical mule by lifting his legs. Around that time, a third crewmember – Dr. Kennedye – arrived to help place Plaintiff on the medical mule and remove his helmet. Plaintiff was driven to an onsite ambulance where paramedics with Tampa Fire Rescue recognized the serious nature of Plaintiff's reported injuries and placed a cervical collar and rigid body split on him before taking him to Tampa General Hospital. Plaintiff sustained catastrophic permanent injuries and has been rendered a paraplegic.

On June 4, 2022, Plaintiff filed the instant lawsuit, asserting negligence claims against several defendants including the organizers and promoters of the Supercross event and various medical professionals involved in the incident. On March 19, 2024, Plaintiff filed his third amended complaint, naming Defendant American Motorcyclist Association ("AMA") for the first time. AMA has moved to dismiss the claim against it based on a waiver of liability signed by Plaintiff and for failure to state a claim. AMA has also moved to dismiss Plaintiff's request for punitive damages.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id*. at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id*. (citing *Scheuer v. Rhodes*, 41 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the

complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Waiver of Liability*

Plaintiff's claim against AMA arose from his participation in the 2020 Supercross. AMA argues that Plaintiff executed a contract and assumption of risk to be issued a required race credential, and that these documents are enforceable to bar Plaintiff's negligence claim against AMA.

Plaintiff points out that the documents were signed by a coach (rather than a natural guardian) and Plaintiff when Plaintiff was a minor, and Plaintiff contends that the documents are therefore void and not enforceable to bar his claim. The documents were signed approximately two months before Plaintiff's eighteenth birthday. Plaintiff participated in the event shortly after turning the age of eighteen. AMA asserts that Plaintiff ratified the agreements by participating in the event, and that had he refused to execute the contract and assumption of risk, he would not have been permitted to participate in the 2020 Supercross.

"[I]t is basic hornbook law that a minor can ratify an otherwise voidable contract upon reaching the age of majority through either an affirmative act, or failure to disaffirm the contract within the period of the statute of limitations. *Valldejuli v. Soc. Sec. Admin.*, No. GCA 94-10051-MMP, 1994 WL 912253, at *2 n.4

(N.D. Fla. Dec. 20, 1994) (citing 25 Fla. Jur. 2d §§ 445-446). To ratify an agreement, an individual must engage in "conduct that indicates an intention, with full knowledge of the facts, to affirm a contract which the person did not enter into or which is otherwise void or voidable." *Gibson v. Lynn University, Inc.*, 504 F. Supp. 1335, 1343 (S.D. Fla. Nov. 29, 2020) (quoting *Citron v. Wachovia Mortg. Corp.*, 9922 F. Supp. 2d 1309, 1321-22 (M.D. Fla. 2013)); *see also Zurstrassen v. Stonier*, 786 So. 2d 65, 71 (Fla. 4th DCA 2001) ("Ratification occurs where a party with full knowledge of all the material facts makes an affirmative showing of his or her express or implied intention to adopt an act or contract entered into without authority.").

According to AMA, the fact that Plaintiff chose to participate in the event, which is undisputed, is enough to constitute ratification under Florida law. Stated differently, AMA argues that Plaintiff's mere participation in the event conclusively establishes that he acted "with full knowledge of all the material facts" and that his mere participation in the event was "an affirmative showing of his . . . express or implied intention to adopt . . . [a contractual release] entered into without authority." *Zurstrassen*, 786 So. 2d at 71. Florida case law does not support such a broad application of the doctrine of ratification. As such, the third amended complaint does not clearly establish, on its face, that Plaintiff ratified the waiver of liability.

Under the facts presented here, it is not clear what information was conveyed to Plaintiff at the time he signed the agreement or when he participated in the

event, or what other actions, if any, Plaintiff took in relation to the event. *See Gibson*, 504 F. Supp. 3d at 1343. In addition, the pleadings do not conclusively show that Plaintiff knew he could reject the agreements at any point prior to the Supercross. *See id*. Without a more developed factual record, the Court cannot ascertain whether Plaintiff affirmatively manifested an intent to approve the waiver of liability with "full knowledge of all the material facts." *See id*. AMA may certainly raise this issue at the summary judgment stage of the proceedings, but it is insufficient to merit dismissal.

*Failure to State a Claim*

AMA argues that the amended complaint fails to sufficiently allege duty and causation related to the alleged failure to "red flag" or stop the practice session. Plaintiff alleges that AMA had a duty to "organize, operate, control, conduct, manage, officiate, staff, and supervise the 2020 Tampa Supercross" and protect riders from unreasonable risks of harm. He asserts that the failure to red flag the session would likely subject Plaintiff to heightened risk of serious injury, such as inadequate, substandard, haphazard, reckless, and grossly negligent on-track assistance from the medical responders. He further alleges that he received substandard care, including when medical responders dragged him off the track "like a ragdoll," and as a result, he was catastrophically injured. These allegations are sufficient to state a cause of action against AMA. Plaintiff's agency allegations are likewise sufficient at this stage of the proceedings to avoid dismissal. The motion to dismiss is denied as to this ground.

*Punitive Damages*

AMA also moves to dismiss Plaintiff's request for punitive damages. Plaintiff generally alleges facts that, if proven, would rise to the level of gross negligence. As such, Plaintiff's allegations are sufficient to sustain his punitive damages demand at this stage of the proceedings. *See, e.g., Hindsman v. Carnival Corp.*, No. 19-23536-CIV-ALTONAGA/Goodman, 2020 WL 13369050, at *1-2 (S.D. Fla. Aug. 6, 2020). In addition, Plaintiff alleges a reasonable basis for corporate liability based on AMA's alleged gross negligence and failure to take corrective action. The motion to dismiss is denied as to this ground.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant American Motorcyclist Association's Motion to Dismiss Plaintiff's Third Amended Complaint" (Doc. 203) is **DENIED**.
2. AMA is directed to file an answer on or before September 10, 2024.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE