EXHIBIT 2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BRIAN MOREAU,**

       **Plaintiff,**

**vs.**                               **Case No. 8:22-cv-1295-TPB-CPT**

**FELD MOTOR SPORTS, INC., et al.,**

       **Defendants.**

_____/

## DEFENDANT FELD MOTOR SPORTS, INC.'S
## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant Feld Motor Sports, Inc. ("FMS"), by and through its undersigned counsel, answers the allegations in the Third Amended Complaint ("TAC") filed by Plaintiff Brian Moreau ("Plaintiff").

FMS denies the allegations in the TAC except as specifically admitted, denies any allegation as to which there is no response, and denies any allegation in titles, headings, footnotes, and other material not included in numbered paragraphs in the TAC. FMS denies that it engaged in unlawful or negligent conduct and denies that it is vicariously liable for unlawful or negligent conduct of others. Any incorporation of the definitions or abbreviations used in the TAC do not constitute an admission by FMS as to the allegations therein. All responses below, including admissions, denials, or defenses, are based on information known to FMS as of the date of this Answer, and FMS reserves the right to supplement or amend its Answer as necessary.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 3 of 29 PageID
4715
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 2 of 28 PageID 1738

1.      FMS admits only that a race took place on February 15, 2020 at Raymond James Stadium in Tampa, Florida.  FMS lacks knowledge or information sufficient to form a belief about the remaining factual allegations in Paragraph 1 and therefore denies those allegations.  Paragraph 1 also states legal conclusions to which no response is required, but to the extent a response is required, FMS denies those allegations in Paragraph 1.

2.      Paragraph 2 states legal conclusions to which no response is required.

3.      Paragraph 3 states legal conclusions to which no response is required.

4.      FMS admits that Plaintiff is a citizen of France, was born in 2002, and is presently over the age of 18.  FMS lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 4 and therefore denies those allegations.

5.      FMS admits that Plaintiff competed in the 250SX Class of the Supercross Championship for Troy Lee Designs Red Bull KTM Racing Team (n/k/a Troy Lee Designs Red Bull GASGAS Factory Racing Team).  FMS lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 5 and therefore denies those allegations.

6.      FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 6 and therefore denies those allegations.

7.      FMS admits that it is a for-profit corporation; that it is incorporated in Delaware; that its principal place of business is in Palmetto, Florida; and that it promotes, organizes, and operates, in whole or in part, Supercross events.  The

2

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 4 of 29 PageID
4716
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 3 of 28 PageID 1739

remaining allegations in Paragraph 7 state legal conclusions to which no response is required, but to the extent a response is required, FMS denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 is denied.

9.      FMS admits that the AMA is a non-profit corporation with a principal place of business in Ohio and sanctioned the Supercross Championship for the 250SX Class.  FMS admits that the FIM sanctioned the Supercross Championship for the 250SX Class.   FMS denies the remaining allegations.

10.     Paragraph 10 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.  FMS denies that there is any basis for incorporating the entirety of the document, or that Plaintiff has complied with the Federal Rules of Civil Procedure regarding incorporation of a document.

11.     Paragraph 11 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.  FMS further denies the allegations in footnote 2, as this issue has already been ruled upon by the Court and is now contradicted by the Court's most-recent sealing order.

12.     Paragraph 12 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 5 of 29 PageID
4717
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 4 of 28 PageID 1740

13.     Paragraph 13 references a document, the terms of which speak for

themselves.  To the extent a response is required, those allegations are denied insofar

as they misstate or mischaracterize the document.

14.     FMS admits that the AMA was the sanctioning body for the 250SX class

at the February 15, 2020 race at Raymond James Stadium in Tampa, Florida

responsible for officiating and enforcing the Series rulebook.  The remaining

allegations in Paragraph 14 state legal conclusions to which no response is required,

but to the extent a response is required, FMS denies the remaining allegations in

Paragraph 14.

15.     FMS admits that the FIM was the international sanctioning, governing,

and/or regulating body for the 450SX class at the February 15, 2020 race at Raymond

James Stadium in Tampa, Florida.  FMS denies the remaining allegations in

Paragraph 15.

16.     FMS admits that the 2020 Monster Energy AMA Supercross an FIM

World Championship Rulebook applied to the 2020 Tampa Supercross event, and that

the document speaks for itself.  FMS admits that it entered into a sanctioning

agreement with the AMA for sanctioning services, which speaks for itself. FMS denies

the remaining allegations in Paragraph 16.

17.     FMS admits that Defendant The Medic Rig, LLC has a principal location

in Long Beach, California, does business as the Alpinestars Mobile Medical Unit, and

provided medical assistance during the 2020 Tampa Supercross event.  FMS denies

the allegations in Paragraph 17 directed at FMS.  FMS lacks knowledge or information

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 6 of 29 PageID
4718
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 5 of 28 PageID 1741

sufficient to form a belief about the remaining allegations in Paragraph 17 and therefore denies those allegations.

18.    Paragraph 18 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.  FMS denies that there is any basis for incorporating the entirety of the document, or that Plaintiff has complied with the Federal Rules of Civil Procedure regarding incorporation of a document.

19.    Paragraph 19 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.  FMS further denies the allegations in footnote 3, as this issue has already been ruled upon by the Court and is now contradicted by the Court's most-recent sealing order.

20.    Paragraph 20 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.

21.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 21 and therefore denies those allegations.

22.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 22 and therefore denies those allegations.

23.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 23 and therefore denies those allegations.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 7 of 29 PageID
4719
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 6 of 28 PageID 1742

24.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 24 and therefore denies those allegations.

25.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 25 and therefore denies those allegations.

26.    FMS admits that a Supercross race was held at Raymond James Stadium in Tampa, Florida on February 15, 2020.

27.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 27 and therefore denies those allegations.

28.    FMS admits that a free practice session was held at the Tampa event. FMS denies the remaining allegations in Paragraph 28.

29.    FMS admits the allegations in Paragraph 29.

30.    FMS admits that Plaintiff crashed due to his own rider error during the practice session by flying headfirst over his motorcycle directly into the track.  FMS denies the remaining allegations in Paragraph 30.

31.    FMS admits that a flagger waived a yellow flag immediately after Plaintiff's crash.  FMS denies the remaining allegations in Paragraph 31.

32.    FMS lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies the allegations in Paragraph 32.

33.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 33 and therefore denies those allegations.

34.    FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 34 and therefore denies those allegations.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 8 of 29 PageID
4720
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 7 of 28 PageID 1743

35.     FMS denies the allegations in Paragraph 35.

36.     FMS denies the allegations in Paragraph 36.

37.     FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 37 and therefore denies those allegations.

38.     FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 38 and therefore denies those allegations.

39.     FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 39 and therefore denies those allegations.

40.     FMS lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 40 and therefore denies those allegations.

41.     Paragraph 41 references a document, the terms of which speak for themselves.  To the extent a response is required, those allegations are denied insofar as they misstate or mischaracterize the document.  FMS lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 41 and therefore denies those allegations.

42.     FMS admits that Plaintiff was transported to Tampa General Hospital by ambulance.  FMS lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 42and therefore denies those allegations.

43.     FMS admits only that Plaintiff is now a paraplegic.  FMS denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 states legal conclusions to which no response is required, but to the extent a response is required, FMS denies the allegations in Paragraph 44.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 9 of 29 PageID
4721
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 8 of 28 PageID 1744

**COUNT I**
**Negligence against FMS**
**(Vicarious Liability)**

45.     FMS incorporates by reference the responses to the preceding allegations
in Paragraphs 1 through 44 as if fully set forth herein.

46.     FMS admits that it owned, operated, and promoted the Supercross event
held on February 15, 2020 at Raymond James Stadium in Tampa, Florida.   FMS
denies all remaining allegations in Paragraph 46.

47.     FMS denies the allegations in Paragraph 47.

48.     FMS admits that its employees and contractors provided services during
the Supercross event held on February 15, 2020 at Raymond James Stadium in
Tampa, Florida.    FMS further admits that sanctioning, officiating and medical
personnel onsite at that event would include a Race Director, a Clerk of Course, a Flag
Marshall, Flaggers / Corner Workers, and a Chief Medical Officer.   FMS denies all
remaining allegations in Paragraph 48.

49.     FMS denies the allegations in Paragraph 49.

50.     FMS denies the allegations in Paragraph 50.

51.     FMS denies the allegations in Paragraph 51.

52.     FMS denies the allegations in Paragraph 52.

53.     FMS denies the allegations in Paragraph 53.

54.     FMS denies the allegations in Paragraph 54.

55.     FMS denies the allegations in Paragraph 55.

8

Case 8:22-cv-01295-TPB-CPT   Document 292-2   Filed 04/17/25   Page 10 of 29 PageID
4722
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 9 of 28 PageID 1745

56.     FMS denies the allegations in Paragraph 56.

57.     FMS denies the allegations in Paragraph 57.

58.     FMS denies the allegations in Paragraph 58.

59.     FMS denies the allegations in Paragraph 59 and each of its subparts.

60.     FMS denies the allegations in Paragraph 60.

61.     FMS denies the allegations in Paragraph 61.

62.     FMS denies the allegations in Paragraph 62.

63.     FMS denies the allegations in Paragraph 63.

64.     FMS denies the allegations in Paragraph 64.

65.     FMS denies the allegations in Paragraph 65.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs.  FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

## COUNT II
### Negligence against The Medic Rig
### (Vicarious Liability)

66.     FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 65 as if fully set forth herein.

67.     FMS denies the allegations in Paragraph 67 directed at FMS.  To the extent a response is required, the remaining allegations in Paragraph 67 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 11 of 29 PageID
4723
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 10 of 28 PageID 1746

68.     Paragraph 68 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 68 are denied.

69.     Paragraph 69 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 69 are denied.

70.     Paragraph 70 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 70 are denied.

71.     Paragraph 71 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 71 are denied.

72.     Paragraph 72 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 72 are denied.

73.     Paragraph 73 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 73 are denied.

74.     Paragraph 74 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 74 and all of its subparts are denied.

10

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 12 of 29 PageID
4724
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 11 of 28 PageID 1747

75.     Paragraph 75 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 75 are denied.

76.     Paragraph 76 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 76 are denied.

77.     Paragraph 77 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 77 are denied.

78.     Paragraph 78 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 78 are denied.

79.     Paragraph 79 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 79 are denied.

80.     Paragraph 80 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 80 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 13 of 29 PageID
4725
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 12 of 28 PageID 1748

## COUNT III
## <u>Negligence against The Medic Rig</u>
## <u>(Direct Liability)</u>

81.     FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 80 as if fully set forth herein.

82.     FMS denies the allegations in Paragraph 82 directed at FMS.  To the extent a response is required, the remaining allegations in Paragraph 82 are denied.

83.     Paragraph 83 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 83 are denied.

84.     Paragraph 84 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 84 and all of its subparts are denied.

85.     Paragraph 85 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 85 are denied.

86.     Paragraph 86 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 86 are denied.

87.     Paragraph 87 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 87 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 14 of 29 PageID
4726
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 13 of 28 PageID 1749

88.    Paragraph 88 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 88 are denied.

89.    Paragraph 89 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 89 are denied.

90.    Paragraph 90 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 90 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

### COUNT IV
### Negligence against Dr. Bodnar
### (Direct Liability)

91.    FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 90 as if fully set forth herein.

92.    FMS denies the allegations in Paragraph 92 directed at FMS.  To the extent a response is required, the remaining allegations in Paragraph 92 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 15 of 29 PageID
4727
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 14 of 28 PageID 1750

93.     Paragraph 93 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 93 are denied.

94.     Paragraph 94 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 94 and all of its subparts are denied.

95.     Paragraph 95 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 95 are denied.

96.     Paragraph 96 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 96 are denied.

97.     Paragraph 97 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 97 are denied.

98.     Paragraph 98 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 98 are denied.

99.     Paragraph 99 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 99 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 16 of 29 PageID
4728
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 15 of 28 PageID 1751

100.    Paragraph 100 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 100 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

### COUNT V
### Negligence against Metiva
### (Direct Liability)

101.    FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 100 as if fully set forth herein.

102.    Paragraph 102 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 102 are denied.

103.    FMS denies the allegations in Paragraph 103 directed at FMS.  To the extent a response is required, the remaining allegations in Paragraph 103 are denied.

104.    Paragraph 104 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 104 are denied.

15

Case 8:22-cv-01295-TPB-CPT   Document 292-2   Filed 04/17/25   Page 17 of 29 PageID
4729
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 16 of 28 PageID 1752

105.    Paragraph 105 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 105 and all of its subparts are denied.

106.    Paragraph 106 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 106 are denied.

107.    Paragraph 107 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 107 are denied.

108.    Paragraph 108 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 108 are denied.

109.    Paragraph 109 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 109 are denied.

110.    Paragraph 110 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 110 are denied.

111.    Paragraph 111 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 111 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 18 of 29 PageID
4730
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 17 of 28 PageID 1753

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

**COUNT VI**
**Negligence against Scott Combs**
**(Direct Liability)**

112.    FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 111 as if fully set forth herein.

113.    Paragraph 113 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 113 are denied.

114.    FMS denies the allegations in Paragraph 114 directed at FMS.  To the extent a response is required, the remaining allegations in Paragraph 114 are denied.

115.    Paragraph 115 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 115 are denied.

116.    Paragraph 116 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 116 and all of its subparts are denied.

17

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 19 of 29 PageID
4731
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 18 of 28 PageID 1754

117.    Paragraph 117 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 117 are denied.

118.    Paragraph 118 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 118 are denied.

119.    Paragraph 119 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 119 are denied.

120.    Paragraph 120 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 120 are denied.

121.    Paragraph 121 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 121 are denied.

122.    Paragraph 122 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 122 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

Case 8:22-cv-01295-TPB-CPT   Document 292-2   Filed 04/17/25   Page 20 of 29 PageID
4732
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 19 of 28 PageID 1755

## COUNT VII
## Negligence against Dr. Kennedye
## (Direct Liability)

123.    FMS incorporates by reference the responses to the preceding allegations
in Paragraphs 1 through 122 as if fully set forth herein.

124.    Paragraph 124 contains no allegations as to FMS and, therefore, does not
require a response from FMS.  To the extent a response is required, the allegations in
Paragraph 124 are denied.

125.    FMS denies the allegations in Paragraph 125 directed at FMS.  To the
extent a response is required, the remaining allegations in Paragraph 125 are denied.

126.    Paragraph 126 contains no allegations as to FMS and, therefore, does not
require a response from FMS.  To the extent a response is required, the allegations in
Paragraph 126 are denied.

127.    Paragraph 127 and its subparts contains no allegations as to FMS and,
therefore, does not require a response from FMS.  To the extent a response is required,
the allegations in Paragraph 127 and all of its subparts are denied.

128.    Paragraph 128 contains no allegations as to FMS and, therefore, does not
require a response from FMS.  To the extent a response is required, the allegations in
Paragraph 128 are denied.

129.    Paragraph 129 contains no allegations as to FMS and, therefore, does not
require a response from FMS.  To the extent a response is required, the allegations in
Paragraph 129 are denied.

19

130.    Paragraph 130 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 130 are denied.

131.    Paragraph 131 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 131 are denied.

132.    Paragraph 132 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 132 are denied.

133.    Paragraph 133 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 133 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

### COUNT VIII
### Negligence against the AMA
### (Vicarious Liability)

134.    FMS incorporates by reference the responses to the preceding allegations in Paragraphs 1 through 133 as if fully set forth herein.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 22 of 29 PageID
4734
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 21 of 28 PageID 1757

135.    Paragraph 135 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 135 are denied.

136.    Paragraph 136 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 136 are denied.

137.    Paragraph 137 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 137 are denied.

138.    Paragraph 138 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 138 are denied.

139.    Paragraph 139 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 139 are denied.

140.    Paragraph 140 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 140 are denied.

141.    Paragraph 141 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 141 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 23 of 29 PageID
4735
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 22 of 28 PageID 1758

142.    Paragraph 142 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 142 are denied.

143.    Paragraph 143 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 143 are denied.

144.    Paragraph 144 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 144 are denied.

145.    Paragraph 145 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 145 are denied.

146.    Paragraph 146 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 146 are denied.

147.    Paragraph 147 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 147 are denied.

148.    Paragraph 148 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 148 are denied.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 24 of 29 PageID
4736
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 23 of 28 PageID 1759

149.    Paragraph 149 and its subparts contain no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 149 and all of its subparts are denied.

150.    Paragraph 150 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 150 are denied.

151.    Paragraph 151 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 151 are denied.

152.    Paragraph 152 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 152 are denied.

153.    Paragraph 153 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 153 are denied.

154.    Paragraph 154 contains no allegations as to FMS and, therefore, does not require a response from FMS.  To the extent a response is required, the allegations in Paragraph 154 are denied.

WHEREFORE, FMS denies that Plaintiff is entitled to damages, including punitive damages, pre- and post-judgment interest, and costs. FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 25 of 29 PageID
4737
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 24 of 28 PageID 1760

## DEFENSES TO THIRD AMENDED COMPLAINT

1.      The Third Amended Complaint fails to state a claim for which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, because none of the named Defendants who are alleged to be agents, servants, or employees of FMS are its agents, servants, or employees but rather are independent contractors.   Under Florida law, FMS is therefore not legally vicariously liable for any of their alleged acts or omissions.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, release, and/or waiver.  Plaintiff, and/or his legal guardian(s), executed valid release(s) and waiver(s) of liability for negligence that bar, in whole or in part, Plaintiff's claims for negligence.

4.      Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

5.      Plaintiff's claims are barred, in whole or in part, by his own contributory fault and negligence.  In addition, FMS affirmatively alleges that this Defendant is not jointly liable for Plaintiff's damages in excess of any proportional responsibility that a jury may find against it, if any.  Plaintiff has also alleged that other named Defendants were also negligent in causing or contributing to the injuries and damages complained of.  The negligence of Plaintiff, this Defendant, other Defendants, and others not a party to this litigation, if any, should be compared and apportioned accordingly

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 26 of 29 PageID
4738
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 25 of 28 PageID 1761

pursuant to the doctrines of comparative negligence and comparative fault as set forth

in Section 768.81, *Florida Statutes* and applicable current Florida case law.

6.      Plaintiff's claims are barred, in whole or in part, because he voluntarily

assumed the risks of participating in an inherently dangerous activity.

7.      Plaintiff's claims are barred, in whole or in part, by the lack of actual and

proximate causation between FMS's alleged unlawful conduct and Plaintiff's alleged

damages.

8.      Plaintiff's claims are barred against FMS, in whole or in part, by virtue

of superseding causes that directly and proximately caused Plaintiff's alleged damages.

9.      Plaintiff's claims are barred, in whole or in part, by immunity under the

Florida Good Samaritan Act, Fla. Stat. § 768.13(b).

10.     FMS affirmatively alleges that the injuries and damages claimed by

Plaintiff may have been legally caused by the negligence of others not named by the

Plaintiff in the TAC.  Pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), any and

all such parties should be included on the verdict form as *Fabre* defendants, and the

faults of the named Defendants in the TAC, if any, should be apportioned accordingly.

11.     FMS affirmatively alleges that in the event there is a determination of

liability against it, it is entitled to a setoff of all collateral sources or settlements paid

or payable in accordance with Section 768.76, *Florida Statutes*, and Florida case law.

12.     FMS affirmatively alleges that in the event there is a determination of

liability against it, FMS is entitled to the benefits of Section 768.78, *Florida Statutes*,

concerning alternative methods of payments of damage awards.

Case 8:22-cv-01295-TPB-CPT    Document 292-2    Filed 04/17/25    Page 27 of 29 PageID
4739
Case 8:22-cv-01295-TPB-CPT    Document 197    Filed 04/02/24    Page 26 of 28 PageID 1762

13.    FMS affirmatively alleges that it is entitled to a set-off for any and all contractual discounts of medical bills or expenses, negotiated write-offs of medical bills or expenses, or negotiated agreements to pay medical bills or other expenses in the future pursuant to Florida law concerning collateral source set-offs and Florida case law interpreting same, including *Goble v. Frohman*, 848 So. 2d 406 (Fla. 2d DCA 2003) and Section 768.76, *Florida Statutes*.  Alternatively, FMS affirmatively alleges that Plaintiff is not entitled to claim any medical bills, costs or expenses incurred but waived or, alternatively, not actually incurred by Plaintiff.

14.    FMS expressly reserves the right to amend its response to add, delete, or modify any defenses or responses based on any legal theory or factual information that may be divulged through discovery, if any.

WHEREFORE, FMS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of FMS, and award FMS any other relief that the Court deems just and proper.

Dated: April 2, 2024                    BUCHANAN INGERSOLL & ROONEY PC

*By Counsel,*

*/s/ Gretchen Jankowski*
Gretchen Jankowski (admitted *pro hac vice*)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel.: (412) 562-1417
Fax: (412) 562-1041
Email: gretchen.jankowski@bipc.com

Case 8:22-cv-01295-TPB-CPT   Document 292-2   Filed 04/17/25   Page 28 of 29 PageID
4740
Case 8:22-cv-01295-TPB-CPT   Document 197   Filed 04/02/24   Page 27 of 28 PageID 1763

Richard G. Salazar
Florida Bar No: 899615
401 East Jackson St., Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Fax: (813) 222-8189
Email: richard.salazar@bipc.com

David Gordon (admitted *pro hac vice*)
700 Alexander Park Suite 300
Princeton, NJ 08540-6340
Tel: (609) 987-5767
Fax: (609) 520-0360
Email: david.gordon@bipc.com

Caroline B. Warren (admitted *pro hac vice*)
227 West Trade Street, Suite 600
Charlotte, NC 28202
Tel:    (704) 444-3371
Fax:    (704) 444-3490
Email: caroline.warren@bipc.com

*Counsel for Defendant Feld Motor Sports, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2024, I electronically filed the foregoing

with the clerk of the court by using the CM/ECF system, which has served a copy

upon the following counsel of record and any party who is authorized to receive this

Court's notice of electronic filing.


*/s/ Gretchen Jankowski*
Gretchen Jankowski (admitted *pro hac vice*)

28