# EXHIBIT 8

## Master Services Agreement

This Master Services Agreement (this "Agreement") is made and entered into on December 6, 2016 (the "Effective Date"), by and between The Medic Rig, LLC, a California limited liability company with its principal place of business at: 6621 E. PCH suite 230 Long Beach, CA 90803 ("Service Provider") and Feld Motor Sports, Inc., a Delaware corporation with its principal place of business at 800 Feld Way, Palmetto, FL 34221 ("FMS"). Each of Service Provider and FMS are a "Party" and collectively the "Parties."

### 1.0 Services and Deliverables.

**1.1 Scope.** Service Provider will supply to FMS professional services including, but not limited to providing licensed physicians at FMS-produced Supercross races (collectively, the "Professional Services"), and/or to provide equipment, including but not limited to a basic mobile medical facility (collectively, the "Deliverables") to FMS as mutually agreed upon from time to time by Service Provider and FMS and as set forth in a written Statement of Work signed by all Parties (each, a "SOW") and attached hereto and made a part hereof as an Exhibit (beginning with Exhibit A, and continuing on in alphabetical order). All SOWs executed pursuant to this Agreement must be approved by the Parties in writing and in advance of the commencement of any work. Neither Party is liable to the other for the payment or performance of any work not previously approved in writing by the Parties.

**1.2 Modification.** Any deviation from or modification or amendment to a SOW must be agreed to by the Parties in writing. Such change orders must include a description of the change in scope for the SOW and shall include any additional fees or costs to be paid by FMS, if applicable. In the event of any express conflict or inconsistency between the provisions of a SOW and the provisions of this Agreement, the provisions of the SOW will govern and control with respect to the interpretation of that SOW; provided, however, that the provisions of the SOW will be so construed as to give effect to the applicable provisions of this Agreement to the fullest extent possible.

### 2.0 Fees and Billing.

**2.1 Fees and Payment for Services and Deliverables.** As consideration for the Professional Services and/or Deliverables provided in accordance with each SOW, FMS shall pay to Service Provider all charges set forth in each SOW (collectively, the "Charges"), which such Charges shall include, but are not limited to, fees for Professional Services and Deliverables billed based on the terms of payment set forth in the applicable SOW.

**2.2 Payment.** Unless otherwise expressly stated in an applicable SOW, Service Provider will invoice FMS for Charges on a monthly basis in arrears, with each invoice setting forth the Charges related to the actual Services provided. Unless otherwise expressly provided, all amounts invoiced under this Agreement shall be payable in full by FMS within thirty (30) days of receipt of such invoice, without withholding, deduction, or offset of any amounts for any purpose. Any charges not disputed by FMS in good faith within thirty (30) days of the receipt of an invoice therefor will be deemed approved and accepted by FMS.

**2.3 Taxes.** Services provided to FMS in Florida are generally not taxable under Florida law, however, FMS shall be solely responsible for any applicable local, state and federal taxes for all Services provided by Service Provider to FMS, if any.

EXHIBIT 7
DEPONENT NAME: Dr. Bodnar
DATE: 8/15/24

completion of Services, or equivalent extended reporting provision. The limits of insurance can be accomplished with a combination of primary and umbrella/excess insurance policies.

c.     Coverage shall include (A) an additional insured endorsement naming FMS as an additional insured, except for Workers Compensation and (B) a waiver of subrogation in favor of FMS. Upon proper execution of this Agreement, Service Provider shall furnish FMS with certificates of insurance of all required insurance for Service Provider. The documentation shall state that coverage shall not be canceled except after thirty (30) days prior written notice has been given to FMS. The documentation must be signed by a person authorized by that insurer to bind coverage on its behalf and shall be submitted to an authorized representative of FMS's Purchasing Department.

**9.2 Survival.** The terms and provisions of this Section 9 shall survive any expiration or termination of this Agreement, but only for six (6) months following the expiration or termination of this Agreement as provided for herein.

### 10.0 Independent Contractor.

It is specifically agreed that the relationship between Service Provider and FMS shall be that of FMS and independent contractor, and not that of an employer-employee. Therefore, the parties specifically agree that FMS shall have the right of control only to the extent of determining the results to be accomplished by Service Provider, but not as to the details and means by which those results shall be accomplished. Service Provider shall not be considered an employee for federal income tax purposes.

### 11.0 Venue

Except for collection actions for payment of charges and for the right of either party to apply to a court of competent jurisdiction for a temporary restraining order, a preliminary injunction, or other equitable relief to preserve the status quo or prevent irreparable harm, any controversy or claim arising out of or relating to this Agreement or to its breach shall be settled be a court of competent jurisdiction.

### 12.0 Assignment.

Neither party shall assign its rights or obligations under this Agreement without the prior written consent of the other party which shall not be unreasonably withheld or delayed. Notwithstanding the foregoing, either party may assign this Agreement to an entity who acquires substantially all of the stock or assets of such party; provided that consent will be required in the event that the non-assigning party reasonably determines that the assignee will not have sufficient capital or assets to perform its obligations hereunder. All terms and provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective permitted transferees, successors and assigns.

### 13.0 Governing Law.

This Agreement and each SOW shall be governed by and construed in accordance with the laws of the State of New York.

### 14.0 Notice of Service.

CONFIDENTIAL

FMS02231
FMS_INC_0000581