# EXHIBIT 31

UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRIAN MOREAU,**
Plaintiff,

vs.

**FELD MOTOR SPORTS, INC.,** *et al.,*
Defendants.

CASE NO. 8-22-CV-01925-TPB-CPT

**PLAINTIFF'S RESPONSES TO DEFENDANT FELD MOTOR SPORTS, INC.'S
SECOND SET OF INTERROGATORIES**

Plaintiff BRIAN MOREAU, by and through its undersigned counsel, and pursuant to Fed. R. P. 33, hereby responds to Defendant FELD MOTOR SPORTS, INC.'s ("FMS") Second Set of Interrogatories.

**INTRODUCTORY STATEMENT**

Plaintiff provides these responses based upon the information reasonably available to him at this time. His investigation is ongoing. Accordingly, Plaintiff reserves the right to modify, amend, or supplement these responses as additional information becomes available through discovery and/or further investigation.

By serving these responses, Plaintiff does not concede the relevance, materiality, or admissibility of any of the information described or suggested herein. Nor does Plaintiff waive: (a) any claim for privilege or work-product protection, (b) any objections to the discoverability or admissibility of documents, (c) any other exemptions from disclosure or discovery, or (d) any claims of confidentiality or any rights or obligations pursuant to any protective orders concerning the production of documents. These responses are not to be interpreted as a waiver of Plaintiff's right to object to any information as irrelevant or inadmissible in this action or any other action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Plaintiff objects to the Definitions and Instructions to the extent that they seek to impose obligations beyond those imposed by applicable law, Local Rules of Court, and/or the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Definitions and Instructions to the extent that they require Plaintiff to answer on behalf of persons or entities other than himself. Plaintiff will not answer the Interrogatories on behalf of other persons or entities as the Interrogatories purport to require of Plaintiff through the definition of "Plaintiff" and "You." Plaintiff further objects to the Definitions and Instructions to the extent that they seek information not in Plaintiff's possession, custody, or control, or information already within FMS's possession, custody, or control.

3. Plaintiff objects to the Definitions and Instructions to the extent that they seek information that is protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine.

4. Plaintiff objects to the Definitions and Instructions to the extent they purport to make any factual assertion, legal conclusion, or require the adoption of an assumption. To the extent Plaintiff uses any defined terms, it does so purely for the convenience of the parties and without accepting any underlying assertions. Any answer or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, any legal, factual, or expert conclusion, concession, waiver, or admission.

5. In answering the Interrogatories, Plaintiff expressly reserves all objections, including, but not limited to, the numerical limitations on interrogatories, relevance, authenticity, competency, privilege, materiality, and admissibility, as to the material referenced in response to the Interrogatories.

6.	Plaintiff objects to the extent the Interrogatories are not tailored to the needs of this case and do not achieve the discovery goal of obtaining useful information as efficiently and inexpensively as possible for everyone concerned. *See MDFL Discovery Handbook at §I(3).*

7.	Plaintiff objects to the extent the Interrogatories purport to require a detailed narrative of Plaintiff's case and are therefore overbroad and oppressive. *See MDFL Discovery Handbook at §IV(C)(2).*

8.	Plaintiff objects to the extent the Interrogatories seek to force an exhaustive or oppressive catalogue of information. *See MDFL Discovery Handbook at §IV(C)(4).*

9.	Plaintiff objects to the extent the Interrogatories exceed the numerical limitation of 25 interrogatories (including all discrete subparts) under Federal Rule of Civil Procedure 33(a). FMS's first set of interrogatories purported to consist of only 11 interrogatories; however, when consideration is given to their discrete subparts, the first set of interrogatories actually consisted of no less than 21 interrogatories. *See, e.g.*, FMS's First Set of Interrogatories at # 2 (including no less than 4 discrete subparts); #10 (including no less than 3 subparts); and # 11 (including no less than 3 discrete subparts). Moreover, FMS's definitions in its second set of interrogatories of the terms "Identify" and "Identification" with respect to a natural person, an entity, a document, a communication, and an assertive action each contain numerous discrete subparts, which, when combined, result in more than 25 interrogatories served by FMS.

10.	Plaintiff expressly reserves the right to supplement or amend these Responses, including objections, as necessary or appropriate during the course of discovery.

11.	All these objections are incorporated into each response below.

### RESPONSES TO INTERROGATORIES

1. Identify the employees of FMS who engaged in the conduct alleged in paragraphs 59(a)-(j) of the Third Amended Complaint at the 2020 Tampa Event.

RESPONSE: Plaintiff objects to this interrogatory as exceeding the numerical limitation of 25 interrogatories, including all discrete subparts, under Federal Rule of Civil Procedure 33(a). The term "Identify", as defined with respect to a natural person, purports to require Plaintiff to provide an extensive list of information for each individual, including their: (1) full name, home and business addresses, and telephone numbers; (2) present or last known position; (3) job description; (4) business affiliation; (5) position, job description, and business affiliation at the time of the incident; and (6) the relationship between such individual and Plaintiff. This overbroad definition contains numerous discrete subparts that contribute to FMS exceeding the numerical limitation on interrogatories under Rule 33(a). Additionally, the interrogatory requires Plaintiff to respond for each individual who engaged in the conduct alleged in 10 separate subparagraphs of the complaint (¶ 59(a)-(j)), resulting in an excessive number of discrete subparts. When combined with FMS's first set of interrogatories, which contained no fewer than 21 interrogatories inclusive of discrete subparts, this interrogatory surpasses the allowable limit.

Plaintiff further objects to this interrogatory as overly broad and seeking irrelevant and disproportionate information under Rule 26(b)(1). The request for Plaintiff to provide the home and business addresses, phone numbers, job descriptions, and other details about FMS's own employees is not relevant to the claims or defenses in this case. Furthermore, this information is within FMS's own possession, custody, and control, and requiring Plaintiff to identify and attempt to reproduce it imposes an unfair and oppressive burden.

Subject to and without waiving these objections, and in an effort to provide, rather than deny information, *see MDFL Discovery Handbook at §IV(A)(3)*, Plaintiff states that he is not aware of any employees of FMS that engaged in the conduct alleged in paragraphs 59(a)-(j) based on the

information available and discovered to date. Discovery is ongoing and Plaintiff reserves the right to modify or supplement his response as new information becomes available.

2. Identify the agents of FMS who engaged in the conduct alleged in paragraphs 59(a)-(j) of the Third Amended Complaint at the 2020 Tampa Event.

RESPONSE: Plaintiff objects to this interrogatory as exceeding the numerical limitation of 25 interrogatories, including all discrete subparts, under Federal Rule of Civil Procedure 33(a). When combined with FMS's first set of interrogatories, which contained no fewer than 21 interrogatories inclusive of discrete subparts, as well as the preceding interrogatory herein, this interrogatory surpasses the allowable limit.

Furthermore, the term "Identify", as defined with respect to a natural person, purports to require Plaintiff to provide an extensive list of information for each individual, including their: (1) full name, home and business addresses, and telephone numbers; (2) present or last known position; (3) job description; (4) business affiliation; (5) position, job description, and business affiliation at the time of the incident; and (6) the relationship between such individual and Plaintiff. Similarly, the term "Identify", as defined with respect to an entity, purports to require Plaintiff to provide an extensive list of information for each entity, including its: (1) full name, address, and telephone number; (2) a description of the type of organization or entity; (3) the jurisdiction of incorporation or organization; (4) the date of its incorporation or organization; and (5) the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified. These overbroad definitions contain numerous discrete subparts that contribute to FMS exceeding the numerical limitation on interrogatories under Rule 33(a). Additionally, the interrogatory requires Plaintiff to respond for each such person or entity who engaged in the

conduct alleged in 10 separate subparagraphs of the complaint (¶ 59(a)-(j)), resulting in an excessive number of discrete subparts.

      Subject to and without waiving these objections, and in an effort to provide, rather than deny information, *see MDFL Discovery Handbook at §IV(A)(3)*, Plaintiff states that, based on the available information, the agents of FMS that are believed to have engaged in the conduct alleged in paragraphs 59(a)-(j) include The Medic Rig, LLC, the AMA, Dr. John Bodnar, Dr. James Kennedye, Scott Combs, Amy Metiva, the AMA Race Director (John Gallagher), the AMA Event Manager (Jeff Canfield), the AMA Supercross Manager (believed to have been Michael Pelletier), the Flagging Steward (believed to have been Tim Kennedy) and any other race staff, official, or person who had any role or responsibility for monitoring or controlling the section of the racetrack where Plaintiff crashed or calling for a red flag to allow for a prolonged medical intervention in response to Plaintiff's injuries. Plaintiff has no relationship with these persons aside from his association with them through his participation in the 2020 Tampa Supercross and their status as defendants or witnesses in this case. Discovery is ongoing and Plaintiff reserves the right to modify or supplement his response as new information becomes available.

3. Identify the contractors of FMS who engaged in the conduct alleged in paragraphs 59(a)-(j) of the Third Amended Complaint at the 2020 Tampa Event.

      RESPONSE: Plaintiff objects to this interrogatory as exceeding the numerical limitation of 25 interrogatories, including all discrete subparts, under Federal Rule of Civil Procedure 33(a). When combined with FMS's first set of interrogatories, which contained no fewer than 21 interrogatories inclusive of discrete subparts, as well as the preceding interrogatories herein, this interrogatory surpasses the allowable limit.

Furthermore, the term "Identify", as defined with respect to a natural person, purports to require Plaintiff to provide an extensive list of information for each individual, including their: (1) full name, home and business addresses, and telephone numbers; (2) present or last known position; (3) job description; (4) business affiliation; (5) position, job description, and business affiliation at the time of the incident; and (6) the relationship between such individual and Plaintiff. Similarly, the term "Identify", as defined with respect to an entity, purports to require Plaintiff to provide an extensive list of information for each entity, including its: (1) full name, address, and telephone number; (2) a description of the type of organization or entity; (3) the jurisdiction of incorporation or organization; (4) the date of its incorporation or organization; and (5) the identity of each natural person acting on behalf of the entity at the time and in the context in which the entity is identified. These overbroad definitions contain numerous discrete subparts that contribute to FMS exceeding the numerical limitation on interrogatories under Rule 33(a). Additionally, the interrogatory requires Plaintiff to respond for each such person or entity who engaged in the conduct alleged in 10 separate subparagraphs of the complaint (¶ 59(a)-(j)), resulting in an excessive number of discrete subparts.

Subject to and without waiving these objections, and in an effort to provide, rather than deny information, *see MDFL Discovery Handbook at §IV(A)(3)*, Plaintiff states that the contractors of FMS that engaged in the conduct alleged in paragraphs 59(a)-(j) include The Medic Rig, LLC, the AMA, and any other person or entity who was contracted to monitor or control the section of the racetrack where Plaintiff crashed or call for a red flag to allow for a prolonged medical intervention in response to Plaintiff's injuries. Discovery is ongoing and Plaintiff reserves the right to modify or supplement his response as new information becomes available.

thus improper.

Subject to and without waiving these objections, and in an effort to provide, rather than deny information, *see MDFL Discovery Handbook at §IV(A)(3)*, Plaintiff states that Gerard Valat has served as his agent since before the 2020 Tampa Supercross and continues to assist him in that capacity with matters related to his racing career, such as this lawsuit. Plaintiff's counsel arranged for Mr. Valat to assist counsel with rendering legal services to Plaintiff, including but not limited to facilitating legal communications, translating, interpreting, and otherwise assisting in counsel's rendition of legal services related to this case. This arrangement commenced on or about January 20, 2021.

Respectfully submitted,

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)
mark@schweikertlaw.com
**SCHWEIKERT LAW PLLC**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Office: (305) 999-1906
Mobile: (305) 926-9452
*Lead Counsel for Plaintiff*

and

Maria A. Dominguez, Esq. (FBN 0510221)
m.dominguez@dmrpr.com
Juan C. Ramos-Rosado, Esq. (FBN 1002562)
j.ramos@dmrpr.com
Javier F. Micheo Marcial, Esq. (FBN 1009694)
j.micheo@dmrpr.com
**DMR Law LLC**
1430 South Dixie Hwy., Suite 314
Coral Gables, FL 33146
Telephone: 305-548-8666

and

Jason B. Giller, Esq. (FBN 77441)
jason@gillerpa.com

Page **14** of **15**

JASON B. GILLER, P.A.<br>
1111 Brickell Avenue, Suite 1550<br>
Miami, Florida 33131<br>
Telephone: (305) 999-1906

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I served via email the foregoing document on all parties' counsel of record.

By: */s/ Mark A. Schweikert*
Mark A. Schweikert (FBN 70555)