# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BRIAN MOREAU,**

      **Plaintiff,**

      **vs.**                  **Case No. 8:22-cv-01295**

**FELD MOTOR SPORTS, INC., et al.,**

      **Defendants.**

_____/

## DEFENDANT FELD MOTOR SPORTS, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

Defendant Feld Motor Sports, Inc. ("FMS"), by its undersigned counsel, hereby answers and objects to Plaintiff's Interrogatories to FMS (the "Interrogatories"), as follows:

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     FMS objects to the Definitions and Instructions to the extent that they seek to impose obligations beyond those imposed by applicable law, Local Rules of Court, and/or the Federal Rules of Civil Procedure.

2.     FMS objects to the Definitions and Instructions to the extent that they require FMS to answer on behalf of persons or entities other than itself.  FMS will not answer the Interrogatories on behalf of other entities, including, without

limitation, third parties, the American Motorcycle Association d/b/a American

Motorcyclist Association, the Fédération Internationale de Motocyclisme, or The

Medic Rig, LLC, as the Interrogatories purport to require of FMS through the

definition of "you" and "your."  FMS further objects to the Definitions and

Instructions to the extent that they seek information not in FMS's possession,

custody, or control, or information already within Plaintiff's possession, custody,

or control.

3.      FMS objects to the Definitions and Instructions to the extent that they

seek information that is protected from disclosure by the attorney-client privilege,

work product doctrine, or any other applicable privilege or doctrine.

4.      FMS objects to the Definitions and Instructions to the extent they

purport to make any factual assertion, legal conclusion, or require the adoption of

an assumption.  To the extent FMS uses any defined terms, it does so purely for the

convenience of the parties and without accepting any underlying assertions.  Any

answer or provision of information in response to the Interrogatories is not

intended to provide, and shall not constitute or be construed as providing, any

legal, factual, or expert conclusion, concession, waiver, or admission.

5.      Pursuant to Fed. R. Civ. P. 33(d), where FMS has opted to use

business records to answer, citations to the documents are set forth in its response.

6.      In answering the Interrogatories, FMS expressly reserves all

objections, including, but not limited to, the numerical limitations on

interrogatories, relevance, authenticity, competency, privilege, materiality, and

admissibility, as to the material referenced in response to the Interrogatories.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1. What is the name and address of the person answering these interrogatories,
   and, if applicable, the person's official position or relationship with the party to
   whom the interrogatories are directed?

   **ANSWER**: David Prater, Vice President of Supercross, is verifying the

responses prepared on behalf of FMS by the undersigned counsel.  Mr. Prater may

be contacted via the undersigned counsel.


2. Describe in detail how the incident described in the operative complaint
   happened, including all actions taken by you to prevent the incident.

   **OBJECTION:**  FMS objects to this Interrogatory as vague insofar as the

term "incident" is undefined, and it calls for a legal conclusion regarding any

ability or duty by FMS to "prevent the incident."  FMS will construe that term to

mean Plaintiff's crash for purposes of answering this Interrogatory.  FMS further

objects to this Interrogatory as overly broad, unduly burdensome, and neither

relevant nor proportional to the needs of the case as it unreasonably requires FMS

to describe and/or summarize anticipated testimony, which is better suited for a

deposition, and to describe and/or summarize written documents and things that

speak for themselves.  FMS further objects to this Interrogatory to the extent that it seeks information about things not within FMS's possession, custody, or control.

**ANSWER**: Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory may be determined by examining documents produced by FMS, documents produced by other parties in this litigation, documents produced by nonparties who have been subpoenaed, as well as the deposition transcript of the Plaintiff. Because the burden of deriving or ascertaining the answer will be substantially the same for either party, FMS refers Plaintiff to the following: LBP000035-82 (pictures of Incident produced by LeBig Productions); non-Bates labeled video of Incident produced by Defendant John A. Bodnar to Plaintiff on March 17, 2023; MOREAU02850; and the transcript of Plaintiff's deposition taken on January 24-25, 2024, at 142:18-143:18; 144:12-25; 145:20-148:24; 177:15-181:15; 183:3-230:25; 331:16-19; and 344:15-362.19.

By way of further answer, Plaintiff was the operator of the motorcycle that he crashed at the 2020 Tampa Supercross event.  At his January 24, 2024 deposition, Plaintiff admitted that his crash was caused as a result of his own error. The riders and/or their teams are responsible for their own training and maintenance of equipment.  FMS is not. *See, e.g.*, FMS00381.  The sport of supercross is an inherently dangerous activity.  Based on the circumstances in this

instance, as the operator of the motorcycle, Plaintiff alone was responsible for preventing his crash given the nature of what occurred.

3. Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**OBJECTION:** FMS objects to this Interrogatory as overly broad, unduly burdensome, vague, and neither relevant nor proportional to the needs of the case as it unreasonably requires FMS to describe and/or summarize anticipated testimony, which is better suited for a deposition, and to describe and/or summarize written documents and things that speak for themselves. FMS further objects to this Interrogatory to the extent that it seeks a legal conclusion, and also information about things not within FMS's possession, custody, or control.

**ANSWER:** Subject to and without waiving the foregoing objections, FMS refers Plaintiff to FMS's Answer to Interrogatory No. 2 and incorporates it by reference. By way of further answer, Plaintiff was the operator of the motorcycle that he crashed at the 2020 Tampa Supercross event. At his January 24, 2024 deposition, Plaintiff admitted that his crash was caused as a result of his error. The sport of supercross is an inherently dangerous activity, and as the operator of the motorcycle, Plaintiff alone caused his own injury. FMS denies that it or any other defendant was negligent or caused Plaintiff's injury.

4.  State the facts upon which you rely for each affirmative defense in your answer.

**OBJECTION:** FMS objects to this Interrogatory on the basis that it is a premature contention interrogatory or otherwise purports to require FMS to identify all facts or evidence with respect to each affirmative defense at this early stage of the litigation without the benefit of sufficient discovery.  As Plaintiff knows, deposition discovery has just commenced and is presently stayed, and another party has recently been added to this case.  In addition, the Third Amended Complaint was only filed on March 19, 2024, with FMS's Answer being due two days before these Answers are required to be served on Plaintiff.  FMS further objects to this Interrogatory on the basis that it is not designed to target or narrow the scope of any particular claim, defense, or contention, and therefore is improper. FMS further objects to this Interrogatory on the basis that it purports to require a detailed narrative of FMS's case, and therefore is overbroad and oppressive. Accordingly, FMS will not answer this Interrogatory until discovery is complete, in accordance with Fed. R. Civ. P. 33(a)(2).

5.  Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

**OBJECTION:** FMS objects to this Interrogatory on the basis that it calls for a legal conclusion, and imposes obligations beyond those imposed by applicable

law, Local Rules of Court, and/or the Federal Rules of Civil Procedure. FMS is

neither the Plaintiff nor a cross-claimant, so it has no affirmative obligation to

notify any party of whether it contends that they may be liable. FMS further

objects to the extent this Interrogatory seeks information which is protected from

disclosure by the attorney client privilege, attorney work product, or any other

applicable privilege or doctrine. FMS further objects to this Interrogatory on the

basis that it is a premature contention interrogatory. As Plaintiff knows, deposition

discovery has just commenced and is presently stayed, and another party has

recently been added to this case. FMS further objects to this Interrogatory on the

basis that it is not designed to target or narrow the scope of any particular claim,

defense, or contention, and therefore is improper. FMS further objects to this

Interrogatory on the basis that it purports to require a detailed narrative of FMS's

case, and therefore is overbroad and oppressive.


6. List the names and addresses of all persons who are believed or known by you,
   your agents, or your attorneys to have any knowledge concerning any of the
   issues in this lawsuit; and specify the subject matter about which the witness
   has knowledge.

**OBJECTION:** FMS objects to this Interrogatory to the extent that it seeks

information about things not within FMS's possession, custody, or control. FMS

further objects to the extent this Interrogatory seeks information which is protected

from disclosure by the attorney client privilege, attorney work product, or any

other applicable privilege or doctrine. FMS further objects to this Interrogatory on the basis that it imposes obligations beyond those imposed by applicable law, Local Rules of Court, and/or the Federal Rules of Civil Procedure to the extent that it improperly seeks premature expert disclosure or discovery.

**ANSWER:** Subject to and without waiving the foregoing objections, FMS directs Plaintiff to the following documents previously served in this litigation:

a. FMS's Initial Disclosures (served on September 22, 2022);

b. The Medic Rig, LLC, John A. Bodnar, M.D., James Kennedye, M.D., Amy Metiva, and Scott Combs' Initial Disclosures (served on September 22, 2022);

c. Plaintiff's Initial Disclosures (served on October 18, 2022) and Amended Initial Disclosures (served on October 18, 2022).

By way of further answer, FMS directs Plaintiff to the following individuals and entities identified in documents and/or discovery concerning this lawsuit.

d. American Motorcycle Association
13515 Yarmouth Drive
Pickerington, OH 43147

Subject matter: The AMA's sanctioning of the 2020 Tampa Supercross.

e. GoPro, Inc.
3025 Clearview Way
San Mateo, CA 94402

Subject matter:  GoPro's services agreement with Troy Lee Designs
Racing and the GoPro camera that Plaintiff was wearing at the time he
crashed his motorcycle.

f. KTM North America, Inc.
30125 KTM Way
Murietta, CA 92563

Subject matter: Recruitment of Plaintiff to the Troy Lee Designs/Red
Bull KTM Factory Racing Team (the "Racing Team"); Plaintiff's racing
career in the United States; the facts and circumstances surrounding
Plaintiff's motorcycle crash at issue in this litigation; and
communications with Plaintiff and his medical providers regarding
Plaintiff's medical treatment and condition.

g. Troy Lee Designs, LLC
155 East Rincon Street
Corona, CA 92879

Subject matter: Recruitment of Plaintiff to the Troy Lee Designs/Red
Bull KTM Factory Racing Team (the "Racing Team"); Plaintiff's racing
career in the United States; the facts and circumstances surrounding
Plaintiff's motorcycle crash at issue in this litigation; and
communications with Plaintiff and his medical providers regarding
Plaintiff's medical treatment and condition.

h. LeBig Productions USA, LLC
8212 Hot Creek Drive
Las Vegas, NV 89128

Subject matter: Facts and circumstances surrounding Plaintiff's
motorcycle crash at issue in this litigation, including photographs, video,
or audio documentation of the same.

9

i. Road 2 Recovery Foundation
12900 Brookprinter Place, Suite 400
Poway, CA 92064

Subject matter: Fundraising efforts for Plaintiff's medical treatment;
disbursement of funds related to the same; and communications with
Plaintiff and his medical providers regarding Plaintiff's medical
treatment and condition.

j. Marvin and Mathilde Musquin
(contact information unable to be confirmed at this time)

Subject matter: Communications with Plaintiff regarding his rented
property in the United States, Plaintiff's motorcycle crash at issue in this
litigation, and Plaintiff's medical treatment and condition.

k. Dr. Henry Small
University Medical Plaza
7501 Fannin St., Suite 710
Houston, Texas 77054

Subject matter: Plaintiff's medical condition and treatment.

l. Westcoast Brace & Limb, Inc.
5311 E. Fletcher Ave.
Tampa, FL 33617

Subject matter: Plaintiff's medical condition and treatment.

m. Florida Gulf to Bay Anesthesiology Associates, LLC
1201 Hays Street
Tallahassee, FL 32301

Subject matter: Plaintiff's medical condition and treatment.

n. Gulf to Bay Infectious Disease Consultants, PLLC,
14129 W Kennedy Blvd, Ste 2
Tampa, FL 33609

Subject matter: Plaintiff's medical condition and treatment.

10

o. Inpatient Specialists Group, LLC
10012 N. Dale Mabry Hwy., Suite 213
Tampa, FL 33618

Subject matter: Plaintiff's medical condition and treatment.

p. Disability Management Services, Inc.
d/b/a Davies Life & Health, Inc.
84 State Street
Boston, MA 02109 USA

Subject matter: Plaintiff's medical condition and treatment.

q. Tampa General Hospital
1 Tampa General Circle
Tampa, FL 33606

Subject matter: Plaintiff's medical condition and treatment

r. Secretariat Medical Central
Hospital Nord Laennec
Communication Du Dossier Patient
Nantes, Cedex 1 44093
France

Subject matter: Plaintiff's medical condition and treatment.

s. Dr. Vincent Louette
18 Bis Rue Louis Renard
Poitiers, 86000
France

Subject matter: Plaintiff's medical condition and treatment.

t. Dr. Nicholas Chevreuil
245 Rue Descartes
Suce-Sur-Erdre, 44240
France

Subject matter: Plaintiff's medical condition and treatment.

u.  Hospital Universitaire Pitie-Salpetr
    Direction de la Qualite, Gestion Des Risques
    Et Relations Avec les Usagers Charge Des
    Relations Avec Les Usagers 47/83 Boulevard de l'Ho
    Paris, Cedex 13 76651
    France

    Subject matter: Plaintiff's medical condition and treatment.

v.  Cabinet Medical des Docteurs Arnaud Junqua et Eric
    Bertheuil
    9 Rue Alsace Lorraine
    Poitiers, 86000
    France

    Subject matter: Plaintiff's medical condition and treatment.

w.  Lisa Baron
    4 Avenue Gérard Girault
    86130, Juanay Clan
    France

    Subject matter: Plaintiff's medical condition and treatment.

x.  Max Régénération Center
    c/o Clément Mercier
    Rue de Mauborget 2
    Bullet, Switzerland

    Subject matter: Plaintiff's medical condition and Plaintiff's efforts to
    obtain treatment.

y.  Método Essentis
    Carretera Flor de Maig, km 2,8
    08290 Cerdanyola del Vallès
    Barcelona, Spain

    Subject matter: Plaintiff's medical condition and treatment.

7. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**OBJECTION:** FMS objects to this Interrogatory as overly broad to the point of being incapable of response, unduly burdensome, vague, and neither relevant nor proportional to the needs of the case as it unreasonably requires, among other things, FMS to describe and/or summarize written documents and things that speak for themselves. FMS further objects to the extent this Interrogatory seeks information about things not within FMS's possession, custody, or control. FMS further objects to the extent this Interrogatory seeks information which is protected from disclosure by the attorney client privilege, attorney work product, or any other applicable privilege or doctrine.

**ANSWER**: Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory may be determined by examining documents produced by FMS, documents produced by other parties in this litigation, documents produced by nonparties who have been subpoenaed, as well as the deposition transcript of the Plaintiff. Because the burden of deriving or ascertaining the answer will be substantially the same for either party, FMS refers Plaintiff to the following: Road 2 Recovery document production (RTR000515-RTR001123); Troy Lee Designs document

production (TLD000038-TLD000043 and TLD000059); American Motorcyclist

Association (AMA) document production (AMA_000003-AMA_000009,

AMA_000032-AMA_000033, AMA_000055-AMA_000062, AMA_000068,

AMA_000078-AMA_000079, AMA_000086-AMA_000087, AMA_000117-

AMA_000119, AMA_000135-AMA_000137, AMA_000160, AMA_000175,

AMA_000240-AMA_000245, AMA_000272-AMA_000275, AMA_000286,

AMA_000294-AMA_000295, AMA_000310-AMA_000311, AMA_000338-

AMA_000340, AMA_000348-AMA_000352, AMA_000376); John A. Bodnar,

M.D. document production (Bodnar00002-Bodnar00050); The Medic Rig, LLC

document production (MedicRig00005-MedicRig00007); Brian Moreau document

production (MOREAU00278, MOREAU00282, MOREAU00283,

MOREAU00288, MOREAU00289, MOREAU00293, MOREAU00298,

MOREAU00303, MOREAU00307, MOREAU00311, MOREAU00315,

MOREAU00319, MOREAU00324, MOREAU00334, MOREAU00329,

MOREAU00338, MOREAU00344, MOREAU01054, MOREAU01066,

MOREAU01082, MOREAU01090, MOREAU01100, MOREAU01111

MOREAU02487, MOREAU02560, MOREAU02561, MOREAU02573,

MOREAU02866, MOREAU02867, MOREAU02869, MOREAU02871,

MOREAU02874, and MOREAU02896).

14

By way of further answer, Plaintiff recently produced numerous audio and video files that involve Plaintiff and other individuals speaking in French.  FMS reserves the right to supplement this Answer, if necessary.

8.  State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**OBJECTION:** FMS objects to this Interrogatory as so overbroad as to be incapable of response, calling for legal conclusions and speculation, and exceeding the numerical limitation on interrogatories to the extent it requires FMS to list every single person who has any knowledge about any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy, and would seemingly require FMS to list every individual in attendance at the event, along with third parties that were not in attendance at the event.  FMS further objects to this Interrogatory as neither relevant nor proportional to the needs of the case.  FMS further objects to the extent that this Interrogatory seeks information about things not within FMS's possession, custody, or control.  FMS further objects to the extent this

Interrogatory seeks information which is protected by the attorney client privilege, attorney work product, or other doctrine.

**ANSWER**: Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory may be determined by examining documents produced by FMS, documents produced by other parties in this litigation, documents produced by nonparties who have been subpoenaed, as well as the deposition transcript of the Plaintiff. Because the burden of deriving or ascertaining the answer will be substantially the same for either party, FMS refers Plaintiff to the following: FMS's document production (FMS00339, FMS00342, and FMS00669); Brian Moreau's document production (MOREAU01198, MOREAU-2563, MOREAU02822, MOREAU02843, MOREAU02845-46, MOREAU02850, MOREAU02870, MOREAU02880, MOREAU2919-20, MOREAU02823-32, MOREAU02834-35, MOREAU02837-60, MOREAU02864-66, MOREAU02869-73, MOREAU02875-89, MOREAU02892, MOREAU02894-99, MOREAU-2901-04, MOREAU02906-08, MOREAU-2910-12, MOREAU02916, MOREAU02919-20, MOREAU02923-32, MOREAU02934-35, MOREAU02937-60, MOREAU02964-66, MOREAU02969-73, MOREAU02975-89, MOREAU02992, MOREAU02994-97, MOREAU02999, MOREAU03005-09, MOREAU03011-17, MOREAU03022, MOREAU03027-33, MOREAU03035, MOREAU03041-44, MOREAU02921-22,

MOREAU02933, MOREAU02899, MOREAU02936, MOREAU02961,

MOREAU02963, MOREAU02967-68, MOREAU02974, MOREAU02993,

MOREAU02998, MOREAU03010, MOREAU03018-20, MOREAU03023-26,

MOREAU03034, MOREAU03047-48, MOREAU03005-17, MOREAU03022,

MOREAU03027-33, MOREAU03035, MOREAU03041-44, MOREAU03004,

MOREAU03049, MOREAU03055-57, MOREAU03066-3143, MOREAU03224,

and MOREAU03280); Dr. Bodnar's document production (Bodnar00001); The

documents produced by Le Big Productions in response to FMS's subpoena

(LBP000025-200); and the documents produced by Road 2 Recovery Foundation

in response to FMS's subpoena (RTR000032-46, RTR000068-85, RTR000088-93,

RTR0000130-158, RTR000672, RTR000741, RTR000757-59, and RTR000819-

20).


9. Have you made an agreement with anyone that would limit that party's liability
to anyone for any of the damages sued upon in this case? If so, state the terms
of the agreement and the parties to it.

**OBJECTION:** FMS objects to this Interrogatory as unintelligible and vague

because it fails to describe the information sought with particularity.  FMS reserves

its right to supplement this Objection and provide an Answer to this Interrogatory.

10. FMS00882 provides in part "DO NOT attempt assistance or aid to downed riders. This will be handled by Feld Motor Sports employees and medical teams." With respect to the 2020 Tampa Supercross, what is the name, address, and telephone number of the "Feld Motor Sports employees and medical teams," and what were their respective titles, duties, and responsibilities?

**OBJECTION:** FMS objects to the excerpt from FMS00882 as incomplete, and further, to the extent this request seeks information from other defendants and/or third parties not within FMS's possession, custody, or control. FMS further objects to this Interrogatory as overbroad and exceeding the numerical limitation on interrogatories to the extent that it requires FMS to identify the name, address, and telephone number of the "Feld Motor Sports employees and medical teams," as well as their respective titles, duties, and responsibilities. FMS further objects to this Request to the extent that it is more properly directed to other parties in this litigation.

**ANSWER:** Subject to and without waiving the foregoing objections, FMS states that the "Feld Motor Sports employees" referenced in FMS00882 are the Operations Crew for the track. During the 2020 Tampa Supercross Event, they were:

Justin Ridings
Rodney Jackson
Quentin Thompson
Sameul Greenawalt
Noah Woods
John Duckworth
Colin Burton
Caleb Childers

William Fedrick
Gary Voth
Jacob Fleming
Cal Robertson
Tanner Juskae
Phil Penn

In the event of an accident, the Operations Crew is responsible for the track and

equipment, and the medical teams are responsible for the downed riders.

The "medical teams" referenced in FMS00882 include the onsite medical

personnel provided by The Medic Rig and ambulance crews.  The general

responsibilities of The Medic Rig, LLC are outlined in the documents produced by

FMS at FMS02224 and FMS02226.


11. Section II(H)(24) of the Sanctioning Agreement provides in part that "[t]he
Series Logo will be placed prominently on the chest of the shirt of all FMS race
staff uniforms for the Championship." With respect to the 2020 Tampa
Supercross, what is the name, address, and telephone number of the "FMS race
staff," and what were their respective titles, duties, and responsibilities?

**OBJECTION:** FMS objects to this Interrogatory as overbroad and

exceeding the numerical limitation on interrogatories to the extent that it requires

FMS to identify the name, address, and telephone number of the "FMS Race

Staff," as well as their respective titles, duties, and responsibilities.  FMS presumes

that the "Sanctioning Agreement" referenced above is actually the document

produced as FMS02247.

**ANSWER**: Subject to and without waiving the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory may be determined by examining documents produced by FMS.  Because the burden of deriving or ascertaining the answer will be substantially the same for either party, FMS refers Plaintiff to the following: FMS00882-00883; FMS00446. By way of further answer, FMS refers Plaintiff to FMS's Answer to Interrogatory No. 10 and incorporates it by reference.  Any FMS individuals listed on that document may only be contacted through undersigned counsel.

12. Section 5 of the Statement of Work attached as Exhibit A to the Master Services Agreement provides in part that The Medic Rig, LLC's "personnel and Third Party Vendors must abide by all reasonable safety rules and regulations put in place by FMS." MedicRig00099. Describe in detail any safety rules and regulations you put in place that applied to the 2020 Tampa Supercross.

**ANSWER**: FMS presumes that the "Master Services Agreement" referenced above is actually the document produced as FMS02226.

Pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory may be determined by examining documents produced by FMS. Because the burden of deriving or ascertaining the answer will be substantially the same for either party, FMS refers Plaintiff to the following documents regarding the sanctioning of the supercross events:  FMS00366-445 (AMA Supercross 2020 Rulebook, which applies to both the 450 and 250 classes); and FMS00447-

FMS00621; MOREAU00001–169 (2020 FIM Medical Code, which applies to the

450 class that Plaintiff was not in).  FMS also refers Plaintiff to FMS00884.  By

way of further answer, FMS refers Plaintiff to FMS's Answer to Interrogatory No.

11 and incorporates it by reference.

13. Aside from the Sanctioning Agreement, did you have any other agreements
with any person or entity related to controlling the race or practice session
during the 2020 Tampa Supercross? If so, describe as to each the names and
addresses of the persons or entities that were parties to the agreement, the date
of the agreement, and how it related to controlling the race or practice session
during the 2020 Tampa Supercross.

**OBJECTION:** FMS objects to this Interrogatory as calling for a legal

conclusion and vague because it fails to define or specify what is meant by

"controlling the race or practice session".  FMS further objects to this Interrogatory

as overbroad as it relates to the entire 2020 Tampa Supercross event.

**ANSWER**: Subject to and without waiving the foregoing objections, and

pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this Interrogatory

may be determined by examining documents produced by FMS.  Because the

burden of deriving or ascertaining the answer will be substantially the same for

either party, FMS refers Plaintiff to the following documents produced by FMS at

FMS02197, FMS02224, and FMS02226.

By way of further response, FMS also had a Sanctioning Agreement with the

FIM during the 2020 Supercross season.  The FIM Sanctioning Agreement,

however, is irrelevant to Plaintiff, as the FIM was not responsible for sanctioning

the 250SX division at the 2020 Tampa Supercross event. *Compare* 2020 Rulebook

§ 3.4(d)(3) *with* §§ 5.1 -5.3. (FMS00387; FMS00409-00413).


14. Aside from the Master Services Agreement, did you have any other agreements with any person or entity related to the provision of medical treatment to any rider injured during the 2020 Tampa Supercross? If so, describe as to each the names and addresses of the persons or entities that were parties to the agreement, the date of the agreement, and how it related to the provision of medical treatment to any rider injured during the 2020 Tampa Supercross.

**RESPONSE:** FMS presumes that the "Master Services Agreement"

referenced above is actually the document produced as FMS02226.

Pursuant to Fed. R. Civ. P. 33(d), FMS states that the answer to this

Interrogatory may be determined by examining documents produced by FMS.

Because the burden of deriving or ascertaining the answer will be substantially the

same for either party, FMS refers Plaintiff to the following document produced by

FMS at FMS02197 (September 9, 2019 license agreement between Tampa Sports

Authority and FMS). Specifically, at FMS02201, the Agreement provides that the

Tampa Sports Authority will provide "medical personnel" and "ambulance service

for event(s) participants."

22

Dated: April 12, 2024

**BUCHANAN INGERSOLL & ROONEY PC**

*By Counsel,*

/s/ Gretchen Jankowski

Gretchen Jankowski (admitted *pro hac vice*)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel.: (412) 562-1417
Fax: (412) 562-1041
Email: gretchen.jankowski@bipc.com

Richard G. Salazar
Florida Bar No: 899615
richard.salazar@bipc.com
401 East Jackson St., Suite 2400
Tampa, FL 33602
Tel No: 813 222-8180
Fax No: 813 222-8189

David Gordon (admitted *pro hac vice*)
700 Alexander Park Suite 300
Princeton, NJ 08540-6340
Tel: (609) 987-5767
Fax: (609) 520-0360
Email: david.gordon@bipc.com

Caroline B. Warren (admitted *pro hac vice*)
227 West Trade Street, Suite 600
Charlotte, NC 28202
Tel:    (704) 444-3371
Fax:    (704) 444-3490
Email: caroline.warren@bipc.com

*Counsel for Defendant Feld Motor Sports, Inc.*

## **VERIFICATION**

I, David Prater, Vice President of Supercross, am authorized to execute this verification on behalf of Feld Motor Sports, Inc.  I have read the foregoing Answers and Objections to Plaintiff's Interrogatories.  These Answers and Objections are true and correct to the best of my knowledge, information, and belief, as well as the documents referenced therein, which I do not necessarily have personal knowledge of.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Dated:  April _11_, 2024                              David Prater

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2024, I served the foregoing

**DEFENDANT FELD MOTOR SPORTS, INC.'S ANSWERS AND
OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** on the following

counsel of record:

| | |
|---|---|
| Mark Adam Schweikert, Esq.<br>mark@scheikertlaw.com<br>SCHWEIKERT LAW PLLC<br>1111 Brickell Avenue, Suite 1550<br>Miami, FL 33131 | Lead Attorney for Plaintiff |
| Jason B. Giller, Esq.<br>jason@gillerpa.com<br>JASON B. GILLER, P.A.<br>1111 Brickell Avenue, Suite 1550<br>Miami, FL 33131 | Attorney for Plaintiff |
| Javier F. Micheo-Marcial, Esq.<br>j.micheo@dmrpr.com<br>DMR Law LLC<br>DMR LAW LLC<br>1430 South Dixie Hwy., Suite 314<br>Coral Gables, FL 33146 | Attorney for Plaintiff |
| Juan C. Ramos-Rosado, Esq.<br>j.ramos@dmrpr.com<br>DMR LAW LLC<br>1430 South Dixie Hwy., Suite 314<br>Coral Gables, FL 33146 | Attorney for Plaintiff |
| Maria A. Dominguez, Esq.<br>m.dominguez@dmrpr.com<br>DMR LAW LLC<br>1430 South Dixie Hwy., Suite 314<br>Coral Gables, FL 33146 | Attorney for Plaintiff |

| David O. Doyle, Jr., Esq.<br>ddoyle@pdmplaw.com<br>Pearson Doyle Mohre & Pastis, LLP<br>901 North Lake Destiny Road, Suite 305<br>Maitland, FL 32751 | Attorney for Defendants, John A. Bodnar, M.D., James Kennedye, M.D. and The Medic Rig, LLC, Amy Metiva, and Scott Combs |
| Kelly A. Lenahan, Esq.<br>klenahan@pdmplaw.com<br>Pearson Doyle Mohre & Pastis, LLP 485 N. 901 North Lake Destiny Road, Suite 305<br>Maitland, FL 32751 | Attorney for Defendants, John A. Bodnar, M.D., James Kennedye, M.D. and The Medic Rig, LLC, Amy Metiva, and Scott Combs |
| Bethany Nduka, Esq.<br>bnduka@pdmplaw.com<br>Pearson Doyle Mohre & Pastis, LLP North Lake Destiny Road, Suite 305<br>Maitland, FL 32751 | Attorney for Defendants, John A. Bodnar, M.D., James Kennedye, M.D. and The Medic Rig, LLC, Amy Metiva, and Scott Combs |

*/s/ Gretchen Jankowski*
Gretchen Jankowski (admitted *pro hac vice*)