UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:22-CV-01295-TPB-CPT

BRIAN MOREAU,

        Plaintiff,

vs.

FELD MOTOR SPORTS, INC., *et al.*,

        Defendants.

_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEFS REGARDING THE APPLICABILITY OF § 549.09, FLA. STAT.**

Despite over 15 pages of briefing, Defendants fail to overcome the plain text of § 549.09, Fla. Stat., or the controlling decision in *MacGregor v. Daytona Int'l Speedway, LLC*, 263 So. 3d 151 (Fla. 5th DCA 2018). Their effort to recast the statute as merely supplementing the common law is inconsistent with its structure and purpose, which clearly restricts the scope of releases by participants in dangerous motorsport events.

**I. Section 549.09 Expressly Prohibits Waiver of Gross Negligence Claims**

Section 549.09(1)(e) defines "negligence" to include "all forms of negligence, . . . but does *not* include gross negligence[.]" This is no oversight. The Legislature deliberately preserved judicial scrutiny for serious misconduct. Both *Hager v. Live Nation Motor Sports, Inc.*, 665 F. Supp. 2d 1290, 1294 (S.D. Fla. 2009) and *MacGregor* recognized this public-policy safeguard. *MacGregor* explicitly held that the statute prevented the motorsport release "from barring the gross negligence claim." 263 So. 3d at 153. Notably, the release in *MacGregor*—like those at issue here—attempted to

waive claims for "NEGLIGENT RESCUE OPERATIONS." *Id.*

Defendants invoke *Major League Baseball v. Morsani*, 790 So.2d 1071 (Fla. 2001) for the principle that statutes in derogation of the common law must be strictly construed. However, *Morsani* also recognizes that when "'the statute is explicit and clear,'" or when it is "'so repugnant to the common law that the two cannot coexist,'" then the statute controls. *Id.* at 1078 (citation omitted). That is precisely the case here. The statute plainly excludes gross negligence from the scope of waivable claims in this specific motorsport context. § 549.09(1)(e) & (2), Fla. Stat. This is not an implied departure from the common law; it is a direct and unequivocal limitation. It would be impossible to reconcile the statute's exclusion of gross negligence with a common-law rule permitting its waiver. Thus, under *Morsani*'s own reasoning, the statute controls, and Defendants' appeal to broader common law principles must yield.

Defendants also wrongly suggest that *MacGregor* conflicts with *Theis v. J & J Racing Promotions*, 571 So.2d 92 (Fla. 2d DCA 1990). As the court in *MacGregor* explained, any reliance on *Theis* and similar cases is "misplaced because the causes of action in those cases accrued before the October 1, 1991 effective date of section 549.09." *MacGregor*, 263 So.3d at 153, n.2 (citing Ch. 1991-104, § 2, Laws of Fla.). *Theis* predated the statute and never interpreted its effect.[1] By contrast, both *Hager* and *MacGregor* applied the statute and reached the same result—releases cannot bar claims by a participant for gross negligence in a nonspectator area during a motorsport event.

---

[1] *Borden v. Phillips*, 752 So.2d 69 (Fla. 1st DCA 2000) involved scuba-diving, not motorsports.

2

Defendants offer no compelling reason to depart from that conclusion. Their reading would render the statutory exclusion meaningless and frustrate clear legislative intent.[2]

## II. The Statute Does Not Extend to The Medic Rig Defendants

Section 549.09 limits who may enforce releases against participants injured in a "nonspectator area" during a motorsport event. It applies only to "[t]he persons or entities owning, leasing, or operating the facility or sponsoring or sanctioning the motorsport event[.]" § 549.09(2), Fla. Stat. The TMR Defendants, as independent medical contractors, do not fall within any of these enumerated categories.

Defendants stretch the term "operating" to include all vendors, including medics in restricted areas. But that interpretation is implausible and legally unsound. The term "operating" refers to those directly responsible for managing and controlling the event, not to every contractor providing a service with its confines. The statute must be strictly construed. *See Morsani*, 790 So.2d at 1077-78. And, under the canon "the inclusion of one is the exclusion of another," the specific categories imply the exclusion of others. Had the Legislature intended to include medical contractors, it would have said so.

TMR's fallback argument—that the Court should apply common law principles if the statute does not extend to them—is also flawed. Section 549.09 is not optional. It was enacted to govern waivers in the dangerous motorsport context, where participants face high risks, have no bargaining power, and sign non-negotiable terms.

Accepting TMR's argument would nullify the statute. If parties outside its scope

---

[2] Enforcing the statute would not "wreak havoc" on the entertainment industry, as FMS claims. [DE 356 at 3]. It applies only to dangerous motorsport events and serves as a public policy safeguard.

could enforce waivers under the common law, the statute's limitations would be meaningless, precisely the result courts have rejected. *See MacGregor*, 263 So. 3d at 153; *Hager*, 665 F. Supp. 2d at 1294. It is highly unlikely the Legislature intended to give third-party medical contractors a free pass to commit gross negligence.

### III. Gross Negligence Cannot Be Waived—Directly or Vicariously

Defendants argue that even if the statute bars waivers of gross negligence, they may still invoke the releases to defeat Plaintiff's vicarious liability claims.[3] But that misunderstands vicarious liability, which is derivative of the underlying tort. *See Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 468 (Fla. 2005). If the agent's gross negligence cannot be released, then neither can the principal's liability for it. The statute plainly prohibits the release of gross negligence claims—whether brought directly or vicariously. To hold otherwise would nullify the prohibition and allow operators to circumvent the statute through artful pleadings.

The law does not permit that result. Nor do Defendants' cases support it; none involved a statutory bar like § 549.09.[4] This Court should not adopt a reading that dilutes the Legislature's clear effort to preserve accountability for grossly negligent conduct in high-risk motorsport events. Given Defendants' concessions, the Court

---

[3] Because Defendants argue that the medical team was part of FMS's "operations" under § 549.09—or seek protection under FMS's release—they effectively concede an agency relationship. If the medics were integral to FMS's event operations or purportedly covered by its waiver, then they were either acting on FMS's behalf or were reasonably perceived by Moreau to be doing so. Defendants cannot disclaim agency while simultaneously invoking the same release for protection.

[4] *Altman v. Pakh*, 2011 WL 10944742 (Fla. 15th Cir. Ct. Dec. 2, 2011) did not involve a statute limiting liability releases in the relevant sport (inline hockey). *Schauenburg v. Key W. Tours, Inc.*, 2009 WL 10667453 (S.D. Fla. Aug. 6, 2009) is also mischaracterized. The court enforced a release only as to common law negligence—not as to direct statutory or vicarious claims arising from employee conduct.

4

may, and should, grant summary judgment in his favor on apparent agency.

>Respectfully submitted,
>
>By: */s/ Mark A. Schweikert*
>Mark A. Schweikert (FBN 70555)
>mark@schweikertlaw.com
>**SCHWEIKERT LAW PLLC**
>1111 Brickell Avenue, Suite 1550
>Miami, Florida 33131
>Office: (305) 999-1906
>Mobile: (305) 926-9452
>*Lead Counsel for Plaintiff*
>
>*and*
>
>Maria A. Dominguez, Esq. (FBN 0510221)
>m.dominguez@dmrpr.com
>Juan C. Ramos-Rosado, Esq. (FBN 1002562)
>j.ramos@dmrpr.com
>Javier F. Miceo Marcial, Esq. (FBN 1009694)
>j.micheo@dmrpr.com
>**DMR LAW LLC**
>1430 South Dixie Hwy., Suite 314
>Coral Gables, FL 33146
>Telephone: 305-548-8666

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which has served a copy upon any counsel of record for any party who is authorized to receive this Court's notice of electronic filing.

>By:    */s/ Mark A. Schweikert*
>Mark A. Schweikert, Esq.