# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BRIAN MOREAU,**

      **Plaintiff,**

vs.                                                            Case No. 8:22-cv-01295

**FELD MOTOR SPORTS, INC., et al.,**

      **Defendants.**

_____/

## DEFENDANT FELD MOTOR SPORTS, INC.'S SUPPLEMENTAL OBJECTIONS TO COURT'S JURY INSTRUCTIONS AND VERDICT FORM

Defendant Feld Motor Sports, Inc. ("FMS"), hereby provides the Court with the following supplemental authorities and arguments regarding the jury instructions and verdict form, in response to the Court's direction in open court this evening. *See* Jan. 14, 2026 Tr. at 231:22–232:12.

As to Florida Standard Jury Instruction (Civil) 501.5a – the instruction on aggravation or activation of disease or defect – FMS objects to the instruction in its entirety. It has no application to this case because of the theory of liability that Plaintiff has chosen to advance. Giving that instruction would greatly prejudice the defendants. It should be removed from the jury instructions.

The aggravation instruction permits a jury to award damages for preexisting injuries where the jury cannot separate the enhanced injuries a defendant causes from those preexisting injuries. Florida law permits such

liability, but not where, as in this case, the plaintiff is suing *only* for his enhanced injuries and by doing so has avoided the possible reduction of his damages for his own comparative fault in causing the preexisting condition.

The governing principles are borne out in cases such as *Whitehead v. Linkous*, 404 So. 2d 377, 379 (Fla. 1st DCA 1981), and *Matthews v. Williford*, 318 So. 2d 480, 583 (Fla. 2d DCA 1975). They hold that conduct that contributes to an illness or medical condition is not available as a defense to malpractice that causes "***a distinct subsequent injury***" and the suit is for the distinct subsequent injury. *Id.*

A deeper treatment of this issue is found in the RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 7 (2000). Section 7 explains that a plaintiff's negligence that is a legal cause of an indivisible injury to the plaintiff reduces the plaintiff's recovery, but comment m explains that, in a case involving negligent rendition of a service, a factfinder does not consider a plaintiff's conduct that created the condition the service was employed to remedy. In a suit based on the latter type of case, "[t]he defendant is liable only for the damages the defendant's negligence caused." *Id.* § 7, cmt. m. "Thus, a doctor who treats an accident victim is not liable for the original injury, whether the accident was caused by the patient's negligence or not."

This Court has already twice employed these very principles in this case. In its order on Plaintiff's omnibus motion in limine, the Court precluded Defendants from arguing Plaintiff's comparative fault in causing the motorcycle accident

2

because Plaintiff is pursuing an enhanced injury claim. ECF No. 401 at 2 ("Because Plaintiff is pursuing gross negligence claims based on the aggravation of an injury, Defendants will not be permitted to specifically argue comparative fault ***as to the aggravation*** unless Defendants can point to any alleged fault or negligence of Plaintiff during the course of treatment . . . .") (emphasis added). Likewise, in the instructions the Court will give the jury in this case, Plaintiff's damages are to be based on "enhanced injuries over and above any injuries that would have occurred as a result of the motorcycle accident alone . . . ."

The aggravation instruction is applicable only in indivisible injury cases, and thus the jury can award damages for the preexisting injury and the aggravation injury. In this case, however, Plaintiff has rejected an indivisible injury theory and pursued only an aggravation theory, thereby preventing the jury from considering his own comparative fault in causing the motorcycle accident. ECF No. 401 at 2. But now he seeks to use the aggravation instruction to tell the jury that if they cannot separate his prior injuries sustained in the motorcycle cycle crash itself from his alleged aggravated injuries, then the jury can award him damages for all such injuries. Permitting such an injustice would be serious error.

The district court in *Bearint ex rel. Berint v. Dorrell Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004), faced a claim analogous to the one here. There, plaintiffs sued a product manufacturer (Cosco) for enhanced injuries suffered by their infant (Kagan) after their car was in a collision, causing the infant injury,

3

and Cosco's allegedly defective car seat further injured the infant. *Id.* at 1343–45. Recognizing that the claims against Cosco were for the enhanced injuries allegedly caused by the car seat, not the injuries suffered in the initial collision, and the drivers' negligence in causing the accident was thus irrelevant to the claims against Cosco, the district court both instructed the jury that the plaintiffs were not claiming damages from the initial collision and used the following threshold question on the verdict form:

> 1. Do you find from a preponderance of the evidence that Kagan Bearint suffered enhanced injuries over and above any injuries that would have occurred as a result of the initial automobile collision alone?
>
> If your answer to Question 1 is NO, your verdict is for Defendant Cosco, and you should not proceed further except to date and sign this verdict form. If your answer to Question 1 is YES, please go to Question 2.

*Id.* at 1344 n.1. The jury returned a verdict for Cosco, and on appeal, the plaintiffs challenged the jury instruction and the threshold question as misleading and confusing. Applying Florida law, the Eleventh Circuit rejected those arguments and approved both the instruction and the threshold question. *Id.* at 1351–52.

In this case, FMS has requested a similar threshold question on the verdict form. The Court has thus far denied the request, but FMS objects and renews its request. If Plaintiff has not proved an injury from the medical treatment separate and distinct from the injuries suffered in the motorcycle accident, then Plaintiff has failed to prove his claim, and the

4

jury's verdict should be for Defendants, not for Plaintiff with an award of damages for all of his injuries. Plaintiff has received the benefit of his chosen theory—he has kept the jury from considering his fault in causing the accident. He now must bear the burden of having to prove a distinct and separate injury from the injuries he suffered in the accident, and his damages are limited to those attributable to the enhanced injury alone.

In all events, whether or not the Court gives the requested threshold question on the verdict form, the Court should remove the aggravation instruction from the instructions. Especially in the absence of the threshold question, the aggravation instruction could lead the jury to award damages for the motorcycle collision **and** the allegedly tortious medical care, to all Defendants' great prejudice. Indeed, it appears Plaintiff requests the aggravation instruction precisely for this improper purpose. FMS's objection to this instruction should be sustained.

5

January 14, 2026          Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

*/s/ Gretchen L. Jankowski*
Gretchen L. Jankowski (admitted *pro hac vice*)
Matthew C. Pilsner (admitted *pro hac vice*)
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Tel.: (412) 562-1417
Email: gretchen.jankowski@bipc.com
Email: matthew.pilsner@bipc.com

Richard G. Salazar
Florida Bar No: 899615
401 East Jackson St., Suite 2400
Tampa, FL 33602
Tel: (813) 222-8180
Email: richard.salazar@bipc.com

David L. Gordon (admitted *pro hac vice*)
700 Alexander Park Suite 300
Princeton, NJ 08540-6340
Tel: (609) 987-5767
Email: david.gordon@bipc.com

*Counsel for Defendant Feld Motor Sports, Inc.*