## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN MOREAU,

     Plaintiff,

v.                            Case No. 8:22-cv-1295-TPB-CPT

FELD MOTOR SPORTS, INC., et al.,

     Defendants.

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

January 15, 2026

_____

Tom Barber
United States District Judge

# COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After these instructions the lawyers will present their closing arguments.  I will then have one brief final instruction for you and you will then go to the jury room and begin your deliberations.

## INTRODUCTION TO CLAIMS

The Plaintiff, Brian Moreau, has brought direct claims against five different Defendants: The Medic Rig, LLC, Dr. John A. Bodnar, Dr. James Kennedye, Amy Metiva and Scott Combs. He has also brought indirect claims against The Medic Rig and against Defendant Feld Motor Sports, Inc., seeking to hold The Medic Rig and Feld vicariously liable for the conduct of the medical personnel. The Plaintiff contends that the on-site medical personnel improperly removed him from the racetrack without spinal precautions, aggravating the injuries he sustained in the crash, and causing or contributing to his paralysis. He is seeking compensatory and punitive damages.

The Defendants contend that the Plaintiff was not improperly removed from the track, and that the Plaintiff's paralysis was caused by the initial crash and was not caused or aggravated by the actions of the medical personnel. All the Defendants deny liability for any of the Plaintiff's injuries and do not believe the evidence supports an award of damages of any kind against them.

I will now explain the law you must apply to each of these claims in greater detail.

## BURDEN OF PROOF

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff. Since there is more than one claim involved, so you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for that Defendant as to that claim.

## LEGAL DUTY
## GROSS NEGLIGENCE

In this case, the Plaintiff is required to establish gross negligence to prevail on his claims. There is a distinction in the law between negligence and gross negligence.

Negligence is the failure to use reasonable care. Reasonable care on the part of a health care provider is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful health care providers. Negligence on the part of a health care provider is doing something that a reasonably careful health care provider would not do under like circumstances, or failing to do something that a reasonably careful health care provider would do under like circumstances.

As I instructed you earlier during the trial, I have previously ruled that the releases that the Plaintiff signed are valid and enforceable. However, pursuant to Florida law, releases in this context may release liability for negligence, but such releases may not release liability for gross negligence.

Gross negligence is an act or failure to act that is so reckless or wanting in care that it constitutes a conscious disregard or indifference to

the life, safety, or rights of persons exposed to such conduct. Gross negligence on the part of a health care provider is an act, or failure to act, that constituted conscious disregard or indifference to the life, safety, or rights of persons exposed to such act or failure to act. Gross negligence does not require proof that the Defendant intended to cause harm.

## LEGAL CAUSE

Gross negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the gross negligence, the loss, injury, or damage would not have occurred.

## CONCURRING CAUSE

To be regarded as a legal cause of loss, injury, or damage, gross negligence need not be the only cause. Gross negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another if the gross negligence contributes substantially to producing such loss, injury, or damage.

# VICARIOUS LIABILITY CLAIMS

In general, vicarious liability is a legal doctrine that allows a plaintiff to hold a defendant accountable for the actions of another party. You must decide whether the Plaintiff has proved by a preponderance of the evidence that Feld or The Medic Rig are vicariously or indirectly liable for the gross negligence of others. The law applicable to these vicarious liability claims is different for each Defendant.

## The Medic Rig, LLC

The Medic Rig has admitted that Amy Metiva, Scott Combs, Dr. John Bodnar, and Dr. James Kennedye were its employees on the date of the accident. If you determine that one or more of these individuals were grossly negligent, the Medic Rig is vicariously liable for their conduct. As such, the verdict form will not ask you to decide this issue.

## Feld Motor Sports, Inc.

On the vicarious liability claim against Feld, you must determine whether Amy Metiva, Scott Combs, Dr. John Bodnar, Dr. James Kennedye or The Medic Rig was:

(1) an apparent agent of Feld and

(2) was acting within the scope of his/her/its apparent authority at the time and place of the incident in this case.

An agent is a person who is employed to act for another, and whose actions are controlled by the employer or are subject to the employer's right of control.

A person or business entity is an apparent agent if (1) Feld by its words or conduct caused or allowed the Plaintiff to believe that he/she/it was an agent of and had authority to act for Feld, and (2) the Plaintiff justifiably relied upon that belief in dealing with Amy Metiva, Scott Combs, Dr. John Bodnar, Dr. James Kennedye or The Medic Rig as the apparent agent of Feld.  Feld is responsible for the actions of an apparent agent occurring while the apparent agent was acting within the scope of his/her/its apparent authority.

## COMPENSATORY DAMAGES

If your verdict is for the Defendants, you will not consider the matter of damages. But if the preponderance of the evidence supports the Plaintiff's claims against one or more of the Defendants, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the preponderance of the evidence shows will fairly and adequately compensate him for enhanced injuries over and above any injuries that would have occurred as a result of the motorcycle accident alone, including any damages that the Plaintiff is reasonably certain to incur or experience in the future. You shall consider any bodily injury sustained by the Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

The Plaintiff is not seeking damages for any injuries he suffered as a result of the motorcycle accident itself. He is also not seeking any

economic damages, including damages for any past or future medical expenses, expenses to accommodate his disability, or lost wages.

In determining the total amount of damages, you should not make any reduction because of the gross negligence, if any, of the Plaintiff or the Defendants. The Court in entering judgment will make any appropriate reductions.

## AGGRAVATION OF EXISTING PHYSICAL DEFECT

A medical provider may be legally responsible for injuries or conditions that are caused or worsened by medical treatment, even if the Plaintiff's original injury was caused by his own conduct.

If you find that any of the Defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing physical defect caused by the initial crash, you should attempt to decide what portion of the Plaintiff's condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by the Plaintiff.

## COLLATERAL SOURCE RULE

You should not reduce the amount of compensation to which the Plaintiff is otherwise entitled on account of wages, medical insurance payments, or other benefits which the evidence shows the Plaintiff received from an employer, insurance company, or some other source.  The Court will reduce as necessary the amount of compensation to which the Plaintiff is entitled on account of any such payments.

# PUNITIVE DAMAGES

There is an additional claim for damages in this case that you must decide. If you find for the Plaintiff and against Feld, you must decide whether, in addition to compensatory damages, punitive damages are warranted as a punishment to Feld and as a deterrent to others.

The Plaintiff claims that punitive damages should be awarded against Feld for the acts of its apparent agents – The Medic Rig, Dr. John Bodnar, Dr. James Kennedye, Amy Metiva, or Scott Combs – in providing medical care to the Plaintiff. Punitive damages are warranted if you find by clear and convincing evidence that an apparent agent of Feld was guilty of gross negligence, which was a substantial cause of the loss, injury, or damage to the Plaintiff, and that:

> (1)    Feld actively and knowingly participated in such conduct of an apparent agent of Feld; or

> (2)    The officers, directors, or managers of Feld knowingly condoned, ratified, or consented to such conduct of an apparent agent of Feld; or

> (3)    Feld engaged in conduct that constituted gross negligence and that contributed to the loss, injury, or damage to the Plaintiff.

Under those circumstances you may, in your discretion, award punitive damages against Feld. If clear and convincing evidence does not

show such conduct by an apparent agent of Feld, punitive damages are not warranted against Feld.

"Gross negligence" for purposes of punitive damages means that the conduct of an apparent agent of Feld was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you decide that punitive damages are warranted against Feld, the amount will be determined separately; you should not award any amount of punitive damages as part of your verdict.

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

## THE DUTY TO FOLLOW INSTRUCTIONS

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I have explained it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.  Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

# CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## IMPEACHMENT OF WITNESSES BECAUSE OF
## INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

## VERDICT FORM AND CLOSING ARGUMENTS

A verdict form has been prepared for your convenience, and I will explain it to you now.

You will take the verdict form with you to the jury room when you deliberate. When you've all agreed on the verdict, the foreperson must fill in the form, sign it, date it, and bring it back when you return to the courtroom.  It will be read out loud by the Court Clerk.

The attorneys will now present their closing arguments.  Keep in mind that what you are about to hear is not evidence.  You have already heard all the evidence there is to hear in the case.  Each side has equal time, but the Plaintiff is entitled to split his time between an initial closing and then a rebuttal after the Defendants have completed their closings.  When the attorneys complete their closing arguments, I will have a brief final instruction and you will then begin your deliberations.

## DELIBERATIONS AND VERDICT

Thank you for your attention during this trial.  We have now reached the final stage of the proceedings.  When you get to the jury room, the first thing you should do is choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.  When you've all agreed on a verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you wish to communicate with me at any time, please write down your message or question and give it to the Bailiff. The Bailiff will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time. If you have questions, I am required to reconvene court and talk with the attorneys before I answer. This process may take some time so you may continue your deliberations while you wait for my answer.

Thank you again for your attention. You may now retire to the jury room to begin your deliberations.